53 F.3d 186
 32 Fed.R.Serv.3d 420
 ELCA ENTERPRISES, INC., Appellant,
v.
SISCO EQUIPMENT RENTAL & SALES, INC., Appellee.
SISCO EQUIPMENT RENTAL & SALES, INC., Third-Party Plaintiff,
v.
SULLAIR CORPORATION, Third-Party Defendant-Appellee.
ELCA ENTERPRISES, INC., Appellee,
v.
SISCO EQUIPMENT RENTAL & SALES, INC., Defendant.
SISCO EQUIPMENT RENTAL & SALES, INC., Third-Party Plaintiff,
v.
SULLAIR CORPORATION, Third-Party Defendant-Appellant.
 Nos. 94-2556, 94-2709.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 11, 1995.
Decided April 17, 1995.
 
 J. Bradley Pace, Kansas City, MO, argued (John W. McClelland and Richard D. Ralls, on the brief), for appellant.
 Teresa M. Schuele, Kansas City, MO and Mark D. Anstoetter, Wichita, KS, argued (Elaine Drodge Koch and Charles P. Efflandt, on the brief), for appellee.
 Before BEAM, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WILL,* Senior District Judge.
 BEAM, Circuit Judge.
 
 
 1
 ELCA Enterprises ("ELCA") alleges that two of its former tenants, Sisco Equipment Rental and Sales, Inc. ("Sisco") and Sullair Corporation ("Sullair"), caused petroleum contamination to occur on ELCA's property. The district court granted the defendants' motion for summary judgment on procedural grounds but denied Sullair's motion for attorney's fees. We affirm in part and reverse in part.
 
 I. BACKGROUND
 
 2
 ELCA owned property located at 2603 N.E. Industrial Drive in North Kansas City, Missouri. Defendants Sisco and Sullair separately rented the property from ELCA at various times between 1979 and 1991. Subsequently, ELCA brought this diversity action against the defendants, alleging that they caused petroleum contamination on the property. ELCA's theories of recovery include breach of contract, statutory waste, common law waste and temporary nuisance.
 
 
 3
 Throughout the discovery process, ELCA repeatedly refused to answer questions relating to the fair market value (or permanent diminution in value) of the Industrial Drive property. However, shortly before the close of discovery, ELCA sought permission to have an expert testify regarding the property's value and potential diminution in value. The district court denied that motion, and issued an order excluding all evidence relating to diminution in value.
 
 
 4
 During the litigation, ELCA transferred the Industrial Drive property to ELCA Properties, Inc. ("ELCA Properties"), a separate and distinct corporate entity. In conjunction with this transfer, the parties signed an indemnification agreement which provided that ELCA Properties would indemnify ELCA for any adverse consequences ELCA might suffer relating to the Industrial Drive property. Because ELCA had transferred all of its interest in the property to ELCA Properties, ELCA then moved to substitute ELCA Properties as the plaintiff in this action, or alternatively, to continue as a plaintiff itself. See Fed.R.Civ.P. 25(c). The defendants moved for summary judgment on the grounds that ELCA no longer had a viable cause of action against them.
 
 
 5
 When reviewing these motions, the district court first reviewed ELCA's claims against the defendants. Because it had previously excluded all diminution in value evidence, the court determined that ELCA presently asserted only remediation damages. The court then found that these claims for future clean-up costs were extinguished when ELCA transferred the property, and that no viable claims against the defendants currently existed. Reasoning that a viable action was a necessary precursor to a substitution of parties, the district court denied ELCA's substitution motion. Using the same rationale, the district court also held that ELCA did not have standing to recover for remediation costs because: (1) ELCA had not previously incurred, and so could not recover for, any pre-transfer remediation costs; and (2) any claims for post-transfer remediation costs were extinguished by the transfer of property. The district court granted the defendants' motion for summary judgment and dismissed the action.
 
 
 6
 Sullair filed a motion for an award of attorney's fees based on the lease provision providing that the prevailing party "shall receive attorney's fees." The district court denied the motion. ELCA appeals and Sullair cross-appeals.
 
 II. ANALYSIS
 A. SUMMARY JUDGMENT
 
 7
 We review the district court's grant of summary judgment de novo. Landreth v. First Nat'l Bank, 45 F.3d 267, 268 (8th Cir.1995). Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This appeal involves no genuine issues of material fact. Rather, ELCA contends that as a matter of law, the district court's grant of summary judgment was improper. ELCA makes three arguments: (1) diminution in value evidence should not have been excluded; (2) ELCA Properties, the new owner of the Industrial Drive property, should have been permitted to be substituted for ELCA as the party plaintiff in this action; and (3) ELCA itself should have been permitted to continue as the plaintiff in this action.
 
 1. EXCLUSION OF EVIDENCE
 
 8
 a. Jurisdiction
 
 
 9
 As a threshold matter, Sisco and Sullair assert that we do not have jurisdiction to address the evidentiary issue because ELCA's notice of appeal referenced only the substitution and summary judgment order, and did not specifically state that ELCA was appealing the evidentiary order. ELCA admits that it did not specifically list the district court's evidentiary order in its notice of appeal, but argues that we have jurisdiction because it listed the evidentiary issue in its Appeal Information Form (Form A).[1]
 
 
 10
 Federal Rule of Appellate Procedure 3(c) requires appellants to provide a notice of appeal which "designate[s] the judgment, order, or part thereof appealed from." We have recently reiterated that Rule 3(c) is more than a mere technicality, and that deficiencies therein may create a jurisdictional bar to an appeal. Klaudt v. U.S. Dept. of Interior, 990 F.2d 409, 411 (8th Cir.1993). Rule 3(c) does not, however, need to be applied in an overly formalistic manner. ELCA listed the evidentiary issue on Form A, and filed it within the thirty days permitted for notice of an appeal. See Fed.R.App.P. 4. Admittedly, Form A is not itself jurisdictional, and cannot independently provide this court with jurisdiction. If Form A is filed within the thirty days permitted for the notice of appeal, however, we find that it can adequately supplement or amend the notice of appeal so as to vest this court with jurisdiction to address a particular order. See, e.g., Piekarski v. Home Owners Savings Bank, 956 F.2d 1484, 1486 n. 1 (8th Cir.) (minor procedural default in notice of appeal remedied by inclusion in Form A), cert. denied, --- U.S. ----, 113 S.Ct. 206, 121 L.Ed.2d 147 (1992).
 
 
 11
 b. Merits
 
 
 12
 During the discovery process, Sisco served ELCA with interrogatories which asked for information regarding the fair market value of the Industrial Drive property. ELCA refused to answer those questions, finding them irrelevant because ELCA was not presently asserting a claim for permanent diminution in value.[2] Although Sisco pressed the issue, ELCA repeatedly confirmed (over a period of six months) that it was not seeking permanent diminution damages. Shortly before the close of discovery, but well after the trial court's deadline for submitting expert witness affidavits, ELCA had an apparent change of heart. At that time, ELCA sought permission to have an expert testify regarding the fair market value and potential diminution in value of the Industrial Drive property.
 
 
 13
 The district court denied the motion, finding that the defendants would be unduly prejudiced if, at this late stage of the proceedings, ELCA could present evidence regarding diminution of value.[3] ELCA contends that exclusion was improper because ELCA's discovery responses left open the option to pursue a claim for temporary, rather than permanent diminution in value, and that excluding the evidence substantially prejudices them.
 
 
 14
 ELCA's arguments are without merit. First, we reject ELCA's argument that its answers reserved the right to pursue temporary diminution damages. ELCA's initial, evasive responses to discovery did not make such a distinction. Furthermore, the substance of ELCA's alleged temporary diminution damages (as deduced from ELCA's brief) most resembles a claim for remediation costs. The district court's exclusion of diminution value evidence does not foreclose remediation damages.
 
 
 15
 Next, we reject ELCA's contention that the permanent diminution evidence should not have been excluded because its exclusion substantially prejudices ELCA. Exclusion of evidence is a harsh penalty, and should be used sparingly. However, in light of ELCA's behavior here, the district court did not abuse its discretion in excluding the evidence. For litigation to function efficiently, parties must provide clear and accurate responses to discovery requests. Parties are "entitled to accept answers to previous interrogatories as true, and to refrain from seeking additional discovery directed to the same issue." Averbach v. Rival Mfg. Co., 879 F.2d 1196, 1201 (3d Cir.1989), cert. denied, 493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990). ELCA did not candidly respond to the defendants' questions. Instead, after misleading the defendants for several months, ELCA made an eleventh-hour attempt to switch the basis for its alleged damages. We will not validate such lack of candor, and so affirm this portion of the district court's decision.
 
 2. RULE 25(c) SUBSTITUTION
 
 16
 ELCA also contends that the district court erred in granting summary judgment because it denied ELCA's motion for substitution under Rule 25. The Rule 25 issue arises from ELCA's transfer of the Industrial Drive property to ELCA Properties during this litigation. Apparently, ELCA's attorneys did not know that ELCA had transferred its interest in the property. Consequently, they proceeded through discovery with ELCA as the plaintiff. Somehow, the defendants discovered that the property had been transferred. They filed summary judgment motions contending, among other things, that as a result of ELCA's transfer of the property, ELCA had no legal basis to recover remediation costs. ELCA then moved, pursuant to Rule 25(c),[4] to continue as the party plaintiff, or alternatively, to substitute ELCA Properties as the plaintiff.
 
 
 17
 In considering whether to grant ELCA's motion, the district court analyzed ELCA's claims against the defendants. Because it had previously excluded all diminution evidence, the court concluded that only remediation cost claims remained. The district court reasoned that the transfer immediately extinguished ELCA's cause of action for remediation costs incurred in the future. Then, because ELCA had not incurred any pre-transfer remediation costs, the court concluded that post-transfer, ELCA did not retain any claims for remediation. With no viable cause of action existing against the defendants at the proposed time of substitution, the district court held that substitution was improper.
 
 
 18
 We review district court determinations regarding substitution for an abuse of discretion. Froning's, Inc. v. Johnston Feed Serv., Inc., 568 F.2d 108, 110 n. 4 (8th Cir.1978). Rule 25(c) permits substitutions when, as here, an interest is transferred during a lawsuit. It states: "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Fed.R.Civ.P. 25(c). The rule is "designed to allow an action to continue unabated when an interest in a lawsuit changes hands," rather than requiring the initiation of an entirely new lawsuit. General Battery Corp. v. Globe-Union, Inc., 100 F.R.D. 258, 261 (D.Del.1982).
 
 
 19
 The district court erroneously determined that Rule 25(c) only applies if, as a matter of substantive law, the original plaintiff retains a cause of action against the defendant after the transfer of interest. Rule 25 does not substantively determine what actions survive the transfer of an interest; rather, it provides substitution procedures for an action that does survive. Hilbrands v. Far East Trading Co., Inc., 509 F.2d 1321, 1323 (9th Cir.1975). The rule expressly permits parties to continue in an action, even if they do not remain the real party in interest, as long as the cause of action itself survives the transfer to the new party. As a matter of substantive law, the right to sue the defendants for remediation costs clearly survived ELCA's transfer of interest to ELCA Properties. That right then passed to ELCA Properties, which, pursuant to an indemnification agreement, apparently retained all responsibility for the property.
 
 
 20
 Our inquiry does not end with the determination that the cause of action survived the transfer. We must determine whether ELCA Properties should have properly been substituted for ELCA.[5] Here, the district court both refused substitution for the new party, and refused to let the old party continue. This complete refusal essentially punished the plaintiff and rewarded the defendants for ELCA's transfer of the property. This was an abuse of discretion. Consequently, we remand this case with instructions that ELCA Properties be substituted for ELCA. Because ELCA Properties possesses a viable claim, the district court improperly granted summary judgment in favor of the defendants.
 
 3. STANDING
 
 21
 ELCA argues that the district court improperly found that, post-transfer, it did not have standing to pursue the claim against the defendants. The district court's logic is dubious at best. See Hilbrands, 509 F.2d at 1323 (finding a similar argument completely inconsistent with Rule 25(c)'s purpose). However, ELCA has presented the substitution and standing arguments as alternative options. In view of our decision regarding substitution, we need not reach ELCA's standing argument.
 
 B. CROSS-APPEAL: ATTORNEY'S FEES
 
 22
 Defendant Sullair cross-appeals on the issue of attorney's fees. It argues that the district court improperly denied it attorney's fees that it is contractually entitled to recover as the prevailing party in this litigation. Since we are remanding this case for continuing proceedings, we reverse the district court's decision regarding attorney's fees as premature.
 
 III. CONCLUSION
 
 23
 We affirm in part and reverse in part. We affirm the district court's evidentiary ruling on the diminution evidence. However, because we find that the district court abused its discretion by refusing substitution of ELCA Properties as a party plaintiff, we reverse the district court's entry of summary judgment and remand for proceedings consistent with this opinion. We reverse the district court's denial of attorney's fees as premature.
 
 
 
 *
 The HONORABLE HUBERT L. WILL, Senior United States District Judge for the Northern District of Illinois, Eastern Division, sitting by designation
 
 
 [1]
 The Eighth Circuit local rules require this form
 
 
 [2]
 This response was quite curious because proof relating to diminution in value comprises an element of damages for several of ELCA's claims. See, e.g., Brown v. Midwest Petroleum Co., 828 S.W.2d 686, 687 (Mo.App.1992)
 
 
 [3]
 A district court's decision to exclude evidence will only be reversed if such exclusion amounts to an abuse of discretion. Dillon v. Nissan Motor Co., Ltd., 986 F.2d 263, 270 (8th Cir.1993)
 
 
 [4]
 ELCA's motion actually relied on both Fed.R.Civ.P. 25(c) and 17. Because Rule 17 applies only to transfers occurring prior to the commencement of a lawsuit, we will construe ELCA's motion as solely relying on Rule 25(c)
 
 
 [5]
 Sisco and Sullair contend that granting this substitution motion permits ELCA to mount a new case on the eve of trial. We disagree. The nature of this action remains the same regardless of the plaintiff's name. As the new property owner, ELCA Properties seeks the same relief, and assumes an identical position to ELCA in the lawsuit. The defendants are free to assert the same defenses against ELCA Properties that it would have asserted against ELCA. Cf. In the Matter of Covington Grain Co., Inc. v. Deal, 638 F.2d 1357, 1361 (5th Cir.1981) (where initial party had a tort claim but proposed substituted party had only contract-related claims, district court's refusal to permit substitution was not an abuse of discretion)