_____

No. 95-1106
_____


Robert H. Burgess,                    *
                                      *
              Appellant,              *
                                      *
    v.                                * Appeal from the United States
                                      * District Court for the
Suzuki Motor Company, Ltd.;           * Western District of Missouri
U.S. Suzuki Motor Corporation,        *
                                      *
              Appellees.              *


_____

     Submitted:  September 15, 1995

        Filed:  December 5, 1995
_____


Before RICHARD S. ARNOLD, Chief Judge, and McMILLIAN and HANSEN,
     Circuit Judges.
_____


McMILLIAN, Circuit Judge.


     Robert H. Burgess appeals from a final judgment entered in the United
States District Court[1] for the Western District of Missouri upon a jury
verdict in favor of defendants Suzuki Motor Co., Ltd., and U.S. Suzuki
Motor Corp. (now known as American Suzuki Motor Corp.) (together referred
to as Suzuki) under a theory of strict liability for defective product
design.  For reversal, Burgess argues the district court (1) erred in
refusing to instruct the

_____

     The Honorable Sarah W. Hays, United States Magistrate Judge
for the Western District of Missouri. The matter was tried by
consent of the parties before a United States Magistrate Judge
pursuant to 28 U.S.C. § 636(c)(1).

jury on comparative fault and (2) abused its discretion in admitting into evidence the testimony of Suzuki's design engineer, Tsuya Oishi. For the reasons discussed below, we affirm the judgment of the district court.

I. BACKGROUND

Burgess filed this action in the federal district court in May, 1992, five years after he was injured on May 20, 1987, while riding a 1987 Suzuki LT 300 EH four-wheel-drive all-terrain vehicle (ATV). The jurisdiction of the district court is based on diversity of citizenship, and this case is governed by Missouri substantive law.

In April, 1987, Burgess was employed to maintain eighty acres of land near Clinton, Missouri. His duties included clearing brush and trees and mowing pastures. He was paid wages for his work and also lived in a trailer on this property. Burgess's employer purchased the ATV for him to use in performing his maintenance duties. Burgess rode the ATV daily and never had any handling or stability problems with it before the accident.

After completing his maintenance work on May 20, 1987, Burgess, along with a friend, returned to his trailer. Burgess drank one or two beers and then realized he left his cigarettes in his shirt pocket back at a brush pile where he had been working. He then rode back towards the brush pile on the ATV over a path which he had previously ridden many times without experiencing any control problems. When Burgess attempted to cross a small ditch, the ATV flipped over on top of him and Burgess sustained injuries.

After a four-day trial on the sole remaining claim of strict liability for defective design,[2] a jury rendered a verdict in favor of Suzuki.  Burgess's post-trial motion for new trial was denied by the district court.  Burgess v. Suzuki Motor Corp., No. 92-0457-CV-W-2-BD (W.D. Mo. Dec. 1, 1994) (order).  This appeal followed.

II. DISCUSSION

A. Appellate Jurisdiction

As a threshold matter, Suzuki raises as an issue the scope of this court's jurisdiction.  In the notice of appeal Burgess designated the order denying the motion for new trial,[3] not the judgment entered upon the jury verdict.  Suzuki argues this court can review only the order denying the motion for new trial.  Burgess argues that, although he should have specified the judgment in his notice of appeal, because the appeal information form filed with his notice of appeal lists specific errors in jury instructions and evidentiary rulings, his intent to appeal from the judgment in question is apparent.

The requirement of Federal Rule of Appellate Procedure 3(c) that a notice of appeal "designate the judgment, order, or part thereof appealed from" is a jurisdictional prerequisite of the appellate court.  Klaudt v. United States Dep't of Interior, 990 F.2d 409, 411 (8th Cir. 1993) (Klaudt); Berdella v. Delo, 972 F.2d 204, 208 (8th Cir. 1992) (Berdella).  Although a court may construe

_____

On July 11, 1994, one week before trial, the district court granted Suzuki's motion for summary judgment in part and dismissed Burgess's additional claims of negligent advertising, negligent failure to warn, and strict liability for failure to warn.

Burgess's notice of appeal specifies plaintiff appeals from the order denying plaintiff's motion for new trial; said order being filed December 1, 1994 (the date the order denying a new trial was entered); and a copy of said order denying motion for new trial is attached hereto and incorporated herein by reference.

-3-

the Rules liberally in determining whether they have been complied with, a court may not waive the jurisdictional requirement of Rule 3 if it finds that it has not been met.  Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988) (where the notice of appeal under consideration failed to designate the specific individual seeking to appeal).  However, "[p]ermitting imperfect but substantial compliance with a technical requirement is not the same as waiving the requirement altogether as a jurisdictional threshold."  Id. at 315-16.

The Eighth Circuit traditionally construes notices of appeal liberally, but the intent to appeal the judgment in question must be apparent and there must be no prejudice to the adverse party.  Klaudt, 990 F.2d at 411;  Berdella, 972 F.2d at 207.  This court, in determining the scope of this appeal, can rely on both the notice of appeal and appeal information form.  See McAninch v. Traders Nat'l Bank, 779 F.2d 466, 467 n.2 (8th Cir. 1985) (intent to appeal an order was apparent from the procedural history of the case, the caption on the notice of appeal, and the inclusion of the order on the appeal information form), cert. denied, 476 U.S. 1182 (1986).  Burgess's listing of the specific errors on the appeal information form shows that he intended to appeal the judgment and not merely the order denying the motion for new trial.  Suzuki, in its brief on appeal, conditionally responded on the merits to all issues raised by Burgess in the event this court determined it had jurisdiction of an appeal from the judgment.  Suzuki has not demonstrated any prejudice resulting from our consideration of an appeal taken from the judgment.  We hold that Burgess has complied with Fed. R. App. P. 3, and we have jurisdiction of an appeal of the judgment entered upon the jury verdict. For this appeal, we will limit our review to those errors listed in the appeal information form.[4]

---

[4]During oral argument, Burgess's counsel agreed that these are the only issues on appeal.

B. Comparative Fault Jury Instruction

Suzuki originally pled comparative fault as an affirmative defense to Burgess's allegations of defective product design. After the close of evidence and at the final instruction conference, Suzuki withdrew, over the objections of Burgess, its comparative fault jury instruction and added an affirmative converse instruction.

Burgess argues that after Suzuki pled and introduced evidence as to the fault of Burgess, the district court erred in not instructing the jury on comparative fault because Burgess did not agree to the withdrawal of the comparative fault jury instruction.

Suzuki argues that any claim of instructional error has not been preserved for appeal because Burgess did not proffer his own correct comparative fault instruction. Suzuki argues Burgess's submission of instructions with comparative fault verdict directors and a comparative fault verdict form was not enough. Even if the claim of error has been preserved for appeal, Suzuki argues that Burgess, as the plaintiff, was not entitled to such an instruction because under Missouri law comparative fault in a strict product liability case is a statutory defense. Mo. Rev. Stat. § 537.765.2 (1994) states "[d]efendant may plead and prove the fault of the plaintiff as an affirmative defense." Furthermore, Suzuki argues that, before Burgess would be entitled to an instruction, Burgess had to, and did not, show that (1) the requested instruction supported his theory of the case, (2) he introduced evidence to support it, and (3) the proposed instruction was legally correct.

In their briefs and in oral argument before this court both parties have assumed the doctrine of comparative fault applies to this strict product liability case. However, the accident occurred on May 20, 1987. The effective date of the Missouri comparative fault statute for strict product liability cases is July 1, 1987.

Mo. Rev. Stat. § 537.765 (1994).  Prior to July 1, 1987, Missouri did not apply comparative fault in strict product liability cases.  See Lippard v. Houdaille Indus., Inc., 715 S.W.2d 491 (Mo. 1986) (banc) (Lippard). Because this accident occurred prior to the July 1, 1987, effective date of Mo. Rev. Stat. § 537.765, the applicable law for this issue is governed by Lippard.  See Boyer v. Eljer Mfg., Inc., 830 S.W.2d 535, 538 (Mo. Ct. App. 1992); Johnson v. Hyster Co., 777 S.W.2d 281, 284-85 (Mo. Ct. App. 1989); see also Egelhoff v. Holt, 875 S.W.2d 543, 547 (Mo. 1994) (banc). Therefore, we hold that the district court did not err in not instructing the jury on comparative fault.

C. Testimony of Tsuya Oishi

Burgess argues that the district court abused its discretion in admitting into evidence the testimony of Suzuki's design engineer, Tsuya Oishi.  Burgess argues that this testimony related to the conduct of Suzuki in the design and testing of the ATV in question which is irrelevant in a strict liability defective product design case.  Specifically, Burgess challenges the admission of testimony regarding (1) why Suzuki selected a short travel, stiffer suspension; (2) Suzuki's careful, extensive design process; (3) Suzuki's design tests; and (4) why Suzuki did not use mathematical modeling in the design process.

Suzuki argues that Oishi's testimony provided background information about the product and why it was not unreasonably dangerous.  If not admissible for this reason, Suzuki argues that Burgess injected this line of testimony into the case because Burgess's expert, David Renfroe, testified regarding the relative merits of design alternatives and the availability of computer

modeling to prevent the alleged defect.[5]  Suzuki maintains that Oishi's testimony regarding design trade-offs is relevant to prove absence of a defective design.

"In ruling on the admissibility of evidence, the trial judge has a wide discretion, and his [or her] decisions will not be disturbed unless there is a clear and prejudicial abuse of discretion."  Roth v. Black & Decker, U.S., Inc., 737 F.2d 779, 783 (8th Cir. 1984) (citations omitted).

To recover under a theory of strict liability in tort for defective design, Missouri law requires a party to prove, inter alia, that the product when sold was in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the product was used in a manner reasonably anticipated.[6]  Linegar v. Armour of America, Inc., 909 F.2d 1150, 1152 (8th Cir. 1990) (applying Missouri law).  Design trade-offs are relevant in determining whether the product was unreasonably dangerous when put to a reasonably anticipated use.  Id. at 1154.  Oishi testified about various considerations that went into the design of the ATV model in question and its suspension system.  Oishi's testimony was also relevant to counter the testimony of Burgess's expert, Renfroe, concerning Suzuki's allegedly negligent design process and selection of the suspension system for this ATV model.

Therefore, we hold that the district court did not abuse its discretion in admitting the testimony of Oishi.

---

Suzuki argues Oishi's testimony established that the suspension system advocated by Renfroe was actually on Suzuki's sport or racing ATV model, and not on this ATV which was designed as a "utility" or "workhorse" vehicle.

Missouri has codified the strict liability causes of action for claims that accrue after July 1, 1987.  Mo. Rev. Stat. § 537.760 (1994).

III. CONCLUSION

For the reasons discussed above, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.