_____

No. 95-3290
_____

Gloria Schibursky,                   *
                                     *
            Appellant,               *
                                     *
     v.                              *
                                     *
International Business Machines;*     Appeal from the United States
Richard Lueck; Shirley Stender;      *   District Court for the
Mary Charlson; Judy Wasser;          *   District of Minnesota
Paulette Steinberg; Pam Fossey;      *
Erin Johnson Butman; Michala         *        [UNPUBLISHED]
Sinning; Paula Graskamp;             *
Marilyn Aarsvold,                    *
                                     *
            Appellees.               *


                         _____

            Submitted:  May 30, 1996

               Filed:  June 27, 1996
                         _____

Before McMILLIAN, WOLLMAN and HANSEN, Circuit Judges.
                         _____


PER CURIAM.


      Gloria Schibursky appeals the district court's order denying her
motion to accept as a timely notice of appeal her Eighth Circuit Appeal
Information Form A.  We reverse and remand.


      On May 25, 1995, the district court entered its final order granting
judgment for defendants in Schibursky's action for, inter alia, discharging
her in violation of the Age Discrimination in Employment Act, 29 U.S.C.
§§ 621-34; at this point in the case, Schibursky was proceeding pro se.
On July 21, 1995, Schibursky moved the district court to accept as a timely
notice of appeal the

Form A she had submitted to the district court clerk's office on June 23, 1995.

Defendants opposed and the district court denied the motion, concluding that it could not accept the Form A as a notice of appeal, relying on ELCA Enterprises, Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 189 (8th Cir. 1995) (ELCA). Schibursky timely appealed the denial of her motion, arguing the Form A was the "functional equivalent" of a notice of appeal.

Federal Rule of Appellate Procedure 3(a) provides that "[a]n appeal permitted by law as of right from a district court to a court of appeals must be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4." Federal Rule of Appellate Procedure 3(c) governs the content of a notice of appeal: the notice "must specify the party or parties taking the appeal[;] . . . must designate the judgment, order, or part thereof appealed from[;] . . . and must name the court to which the appeal is taken." Federal Rule of Appellate Procedure 3(c) further provides that "[a]n appeal will not be dismissed for informality of form or title of the notice of appeal." In addition, Federal Rule of Civil Procedure 5(e) provides that the district court "clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form." The parties do not dispute that Schibursky's Form A was submitted to the district court clerk's office within the thirty-day time period for filing a notice of appeal. See Fed. R. App. P. 4(a)(1).

This court has traditionally construed notices of appeal liberally. See Burgess v. Suzuki Motor Co., 71 F.3d 304, 307 (8th Cir. 1995). Accordingly, "`if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent

of what the rule requires.'" <u>Good Samaritan Hosp. v. Sullivan</u>, 952 F.2d 1017, 1022 (8th Cir. 1991) (quoted case omitted), <u>aff'd</u>, 508 U.S. 402 (1993). Despite liberal construction, the requirements of Rule 3 must be satisfied, because they are jurisdictional prerequisites to review. <u>Smith v. Barry</u>, 502 U.S. 244, 248 (1992). "Permitting imperfect but substantial compliance with a technical requirement is not the same as waiving the requirement altogether as a jurisdictional threshold." <u>Torres v. Oakland Scavenger Co.</u>, 487 U.S. 312, 315-16 (1988). In addition, Schibursky's intent to appeal the judgment must be apparent, and there must be no prejudice to defendants. <u>See</u> <u>Klaudt v. United States Dep't of Interior</u>, 990 F.2d 409, 411 (8th Cir. 1993) (<u>Klaudt</u>); <u>see also</u> <u>Smith v. Barry</u>, 502 U.S. at 248 (litigant's-intent requirement assures filing provides sufficient notice to other parties).

In <u>ELCA</u>, we stated: "Admittedly, Form A is not itself jurisdictional, and cannot independently provide this court with jurisdiction." 53 F.3d at 189. The issue in <u>ELCA</u>, however, was whether a Form A filed within the time permitted for a notice of appeal could supplement the notice of appeal to create appellate jurisdiction over an order identified only in the Form A. <u>Id.</u> (holding that Form A could supplement notice of appeal). We do not believe <u>ELCA</u> precludes us from construing Schibursky's Form A as the functional equivalent of a notice of appeal.

We conclude that Schibursky's Form A was the functional equivalent of a notice of appeal. Schibursky's Form A met all the requirements of Rule 3: it set forth her name, the judgment appealed, and stated at the top of the form "U.S. Court of Appeals - Eighth Circuit." <u>See</u> Fed. R. App. P. 3(c); <u>Smith v. Barry</u>, 502 U.S. at 247-49 (notice afforded by document determines document's sufficiency as notice of appeal; document is effective as notice of appeal if it is timely filed and gives notice required by Rule 3). In addition, Schibursky's Form A lists appellees, designates the issues for appeal, was signed by Schibursky, and was

mailed to defendants' counsel within the time specified in Fed. R. App. P. 4 for filing a notice of appeal.  Although Form A states it is "[t]o be filed with the Notice of Appeal," this does not preclude treating a Form A as a notice of appeal when--as here--it contains all the information required by Rule 3.  Cf. Smith v. Barry, 502 U.S. at 249 (although Federal Rules envision notice of appeal and appellate brief as two separate filings, this does not preclude treatment of brief as notice of appeal). Schibursky's Form A clearly indicates her intent to appeal, and there is no indication that construing her Form A as a notice of appeal would prejudice defendants.  See Klaudt, 990 F.2d at 411.

Accordingly, we reverse the district court's order, remand, and direct that Schibursky's Form A be processed as a notice of appeal, pursuant to Federal Rule of Appellate Procedure 3(d).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-