# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3281

_____

Todd L. Hallquist; Teresa R. Hallquist

*Plaintiffs - Appellants*

v.

United Home Loans, Inc.

*Defendant*

SunTrust Mortgage, Inc.; Federal National Mortgage Association; Millsap & Singer, PC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: April 9, 2013
Filed: May 17, 2013

_____

Before RILEY, Chief Judge, BYE and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Todd L. and Teresa R. Hallquist owned a house in Missouri. They had a loan secured by a Deed of Trust on the house. The Hallquists defaulted. The house was sold at a non-judicial foreclosure sale. The Hallquists sued the lender, the holder of the Deed of Trust at the time of sale, and the successor trustee. The district court[1] granted the defendants' motions to dismiss. *Hallquist v. United Home Loans, Inc.*, No. 11-04265-CV-C, 2012 WL 1980656, at *6 (W.D. Mo. June 1, 2012). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

In October 2008, the Hallquists borrowed $211,000 from United Home Loans. To secure the loan, they pledged a Deed of Trust on their house in Camdenton, Missouri. The Deed of Trust conveyed the beneficial interest to Mortgage Electronic Registration Services, Inc. In 2011, MERS conveyed its interest to SunTrust Mortgage, Inc., which appointed Millsap & Singer, PC as successor trustee.

Millsap conducted a non-judicial foreclosure sale of the house on August 25, 2011. Millsap submitted the winning credit bid on behalf of SunTrust. After the sale, a Successor Trustee's Deed Under Foreclosure was recorded, listing the Federal National Mortgage Association (Fannie Mae) as the buyer at the sale.

In October 2011, the Hallquists filed a five-count suit alleging various improprieties in the foreclosure sale. The Hallquists also sought to quiet title and to enjoin eviction. The defendants moved to dismiss the suit. The district court granted the motions and entered judgment. *Hallquist*, 2012 WL 1980656, at *6.

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

The Hallquists filed a motion to reconsider, challenging the dismissal of Count II (breach of fiduciary duty) and Count III (quiet title). The district court denied it. The Hallquists filed a notice of appeal, which said they were appealing the denial of the motion to reconsider. In their briefing to this court, the Hallquists challenge the district court's underlying dismissal.

## II.

This court must first determine what issues the Hallquists may appeal. The defendants contend that only the denial of the motion to reconsider[2] is on appeal because it was the only order identified in the notice of appeal. By their statement of the issues, the Hallquists seek a review of the underlying dismissal. This distinction is significant for the standard of review. "This court reverses a denial of a motion for reconsideration 'only for a clear abuse of discretion' . . . ." ***United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.***, 690 F.3d 951, 957 (8th Cir. 2012), *quoting* ***Matthew v. Unum Life Ins. Co. of Am.***, 639 F.3d 857, 863 (8th Cir. 2011). On the other hand, this court reviews de novo the grant of a motion to dismiss. ***Turkish Coal. of Am., Inc. v. Bruininks***, 678 F.3d 617, 623 (8th Cir. 2012), *citing* ***Owen v. Gen. Motors Corp.***, 533 F.3d 913, 918 (8th Cir. 2008).

"To vest [this court] with jurisdiction over an appeal, the appellant must comply with Federal Rule of Appellate Procedure 3." ***Martin v. Am. Family Mut. Ins. Co.***, 157 F.3d 580, 581 (8th Cir. 1998) (per curiam). An appellant must file a notice of appeal that "designate[s] the judgment, order, or part thereof being appealed." **Fed. R. App. P. 3(c)(1)(B)**. "Rule 3's dictates are jurisdictional in nature,

---

[2]Although the Federal Rules of Civil Procedure do not contemplate a "motion to reconsider," the Hallquists' motion is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). ***Auto Servs. Co. v. KPMG, LLP***, 537 F.3d 853, 855 (8th Cir. 2008).

and their satisfaction is a prerequisite to appellate review." *Smith v. Barry*, 502 U.S. 244, 248 (1992), *citing* *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988). "Rule 3(c) 'is more than a mere technicality,' and failure to comply with it 'may create a jurisdictional bar to appeal.'" *USCOC of Greater Mo. v. City of Ferguson, Mo.*, 583 F.3d 1035, 1040 (8th Cir. 2009), *quoting* *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 189 (8th Cir. 1995); *see also* *Burgess v. Suzuki Motor Co.*, 71 F.3d 304, 306 (8th Cir. 1995) ("The requirement of Federal Rule of Appellate Procedure 3(c) that a notice of appeal 'designate the judgment, order, or part thereof appealed from' is a jurisdictional prerequisite of the appellate court."). The Hallquists' Notice of Appeal indicates they are appealing "the order entered August 27, 2012 that denied Plaintiff's Motion to Reconsider." The defendants thus conclude that appellate jurisdiction is limited to the motion to reconsider.

This court liberally construes notices of appeal. *E.g.*, *USCOC*, 583 F.3d at 1040, *citing* *Berdella v. Delo*, 972 F.2d 204, 207 (8th Cir. 1992). "Although a court may construe the Rules liberally in determining whether they have been complied with, a court may not waive the jurisdictional requirement of Rule 3 if it finds that it has not been met." *Burgess*, 71 F.3d at 306, *citing* *Torres*, 487 U.S. at 317. "Permitting imperfect but substantial compliance with a technical requirement is not the same as waiving the requirement altogether as a jurisdictional threshold." *Torres*, 487 U.S. at 315-16. This court has jurisdiction over the underlying order if the appellant's intent to challenge it is clear, and the adverse party will suffer no prejudice if review is permitted. *E.g.*, *USCOC*, 583 F.3d at 1040. Generally, "a notice which manifests an appeal from a specific district court order or decision precludes an appellant from challenging an order or decision that he or she failed to identify in the notice." *Id.*, *quoting* *Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1058 (8th Cir. 2002). However, "[e]ven when the notice of appeal is deficient, jurisdiction may be established by a properly filed appeal information form (required by Local Rule 3B) which indicates the appellant's intent to appeal a particular order."

*Id.* at 1040 n.4, *citing **ELCA***, 53 F.3d at 189; *see also **Burgess***, 71 F.3d at 307 ("This court, in determining the scope of this appeal, can rely on both the notice of appeal and appeal information form.").[3]

Here, the Hallquists filed their appeal information form on the same day as the notice of appeal. The form listed the following issues for appeal:

> 1. Trial Court erred in dismissing Plaintiff's claim to quiet title.
> 2. Trial Court erred in dismissing Plaintiff's claim for breach of fiduciary duty.
> 3. Trial Court erred in dismissing Plaintiff's claim for negligence per se.
> 4. Trial Court erred in dismissing Plaintiff's claim for violations of RESPA.
> 5. Trial Court erred in dismissing Plaintiff's claim for injunctive relief.

This court faced a similar situation in *Burgess*. There, the appellant's notice of appeal listed only a motion for new trial. However, "the appeal information form filed with his notice of appeal liste[d] specific errors in jury instructions and evidentiary rulings." ***Burgess***, 71 F.3d at 306. "Burgess's listing of the specific errors on the appeal information form shows that he intended to appeal the judgment and not merely the order denying the motion for new trial." *Id.* at 307.[4] So too here,

---

[3]"Admittedly, Form A is not itself jurisdictional, and cannot independently provide this court with jurisdiction. If Form A is filed within the thirty days permitted for the notice of appeal, however, we find that it can adequately supplement or amend the notice of appeal so as to vest this court with jurisdiction to address a particular order." ***ELCA***, 53 F.3d at 189.

[4]This court has refused to consider appeal information forms, but has done so in cases where the form is filed after the deadline to appeal has passed. *See, e.g.*, ***Trs. of Electricians' Salary Deferral Plan v. Wright***, 688 F.3d 922, 925 n.2 (8th Cir. 2012) ("Although Walker's appeal Form A indicated Walker's intent to appeal the denial of counsel, Walker's Form A was filed some eight months after her notice of appeal, and well after the time period for appeal passed. In order for Form A to be

where the appeal information form demonstrated the Hallquists' intent to appeal the underlying judgment. The defendants have not demonstrated any prejudice if review is permitted. They were on notice of the Hallquists' intent as expressed in the appeal information form.

Immediately above the listed issues on the appeal information form is the following statement:

> LIST OF ISSUES ON APPEAL (For administrative purposes). You may indicate that this also serves as your statement of issues under FRAP 10(b)(3). _____Yes. __✓__No.

Because the Hallquists checked "no," the defendants suggest that the form did not give notice of an intent to appeal the underlying judgment. This court disagrees. Rule 10(b)(3) addresses identifying the issues in order to ensure the correct portion of the transcript is ordered. *See* **Fed. R. App. P. 10(b)(3)**. Even though the Hallquists checked "no," the rest of the form identifies the issues they intended to appeal.

This court has jurisdiction over the underlying judgment. The defendants also assert that if this court has jurisdiction, it should only include the claims for quiet title and breach of fiduciary duty – the two addressed in the Hallquists' motion to

---

considered part of the notice of appeal, it must be filed within the time constraints for the notice of appeal."); *USCOC*, 583 F.3d at 1040 n.4 ("Since USCOC filed its appeal information form more than thirty days after the notice of appeal, it is insufficient to cure the defect in its notice."); *Martin*, 157 F.3d at 581 ("[T]he agents did not file their appeal information form within the thirty-day appeal period . . . ."). *But see* ***Hawkins v. City of Farmington***, 189 F.3d 695, 704 (8th Cir. 1999) ("Moreover, the appeal information form, although filed after the thirty days permitted for the notice of appeal, was nonetheless filed well before either brief was due. That form made it clear that both orders were being appealed.").

reconsider. Not so. All five counts were listed on the appeal information form, and will be considered.

## III.

The Hallquists make three arguments, but appear to challenge the court's ruling on only the counts to quiet title and for breach of fiduciary duty. "Claims not raised in an opening brief are deemed waived." *FTC v. Neiswonger*, 580 F.3d 769, 775 (8th Cir. 2009), *quoting Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008). To the extent the Hallquists did intend to challenge other counts, this court affirms for the reasons articulated in the district court's well-reasoned order. *Hallquist*, 2012 WL 1980656, at *1-6.

The counts properly challenged are reviewed de novo, because they were dismissed for failure to state a claim. *See Turkish Coal.*, 678 F.3d at 623, *citing Owen*, 533 F.3d at 918. "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Gomes v. Am. Century Cos., Inc.*, 710 F.3d 811, 815 (8th Cir. 2012), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## A.

The Hallquists argue that the district court "erred in deciding that Appellants have no standing to challenge the accuracy of a Trustee's Deed." They allege that the foreclosure sale was improperly conducted, so they retain superior title. The Hallquists correctly note that they have standing to challenge the foreclosure sale if they would have superior title but for that sale. *See, e.g.*, *City of St. Louis v. K&K Invs., Inc.*, 21 S.W.3d 891, 895 (Mo. App. 2000). As the district court noted, "A plaintiff in an action to quiet title has the burden to prove title superior to the other party, not superior to the whole world, and must prevail on the strength of his own

title and not on any weakness in the title of the other party." ***Hallquist***, 2012 WL 1980656, at \*1, *quoting **Ollison v. Vill. of Climax Springs***, 916 S.W.2d 198, 203 (Mo. banc 1996).

The district court did not dismiss the entirety of the Hallquists' quiet-title claim because of standing. Rather, the court substantively dismissed all but one of the Hallquists' alleged improprieties of the foreclosure sale. The court then ruled that the Hallquists lacked standing to challenge Fannie Mae's designation as purchaser.

The district court's rulings were correct. The Hallquists do lack standing to challenge the Fannie Mae designation. Title transferred when the bid was accepted. ***In re Tucker***, 290 B.R. 134, 137 (E.D. Mo. Bankr. 2003) ("At the auction, the acceptance of the bid by the trustee constitutes an executory contract of sale. *See Ferguson v. Soden*, 19 S.W. 727 (Mo. 1892). . . . As between the parties, the title is considered to have vested from the time the contract was made. *Schmidt v. City of Tipton*, 89 S.W.2d 569, 572 (Mo. App. 1936).") The Hallquists were then free to challenge *the sale*, but not issues arising *after the sale*. Once Millsap accepted SunTrust's bid, title vested in SunTrust. That someone allegedly failed to record the assignment from SunTrust to Fannie Mae is of no consequence to the Hallquists, who had already been divested of title.

The district court also ruled correctly on the foreclosure-sale procedures. Missouri law permits a credit bid to be entered – even when the deed requires, as it did here, that the sale be for "cash." ***Martin v. Lorren***, 890 S.W.2d 352, 357 (Mo. App. 1994), *citing **Webb v. Salisbury***, 39 S.W.2d 1045, 1052 (Mo. 1931). Also contrary to the Hallquists' assertion, Missouri law allows a trustee to place a bid at the foreclosure auction on behalf of the noteholder. ***Boatmen's Bank of Jefferson Cnty. v. Cmty. Interiors, Inc.***, 721 S.W.2d 72, 77 (Mo. App. 1986).

The foreclosure sale's procedures complied with Missouri law. Further, the district court properly ruled that the Hallquists' challenge to activities after the foreclosure sale lacked standing.

B.

The Hallquists challenge the district court's dismissal of the breach-of-fiduciary-duty claim. "When breach of fiduciary duty is asserted as a tort claim, as here, the proponent must establish that a fiduciary duty existed between it and the defending party, that the defending party breached the duty, and that the breach caused the proponent to suffer harm." *Zakibe v. Ahrens & McCarron, Inc.*, 28 S.W.3d 373, 381 (Mo. App. 2000), *citing* *Preferred Physicians Mut. Mgmt. Grp. v. Preferred Physicians Mut. Risk Retention*, 918 S.W.2d 805, 810 (Mo. App. 1996).

The Hallquists allege that three of Millsap's acts caused them damage. First, they attack Millsap's willingness to accept a credit bid. As discussed, this is permissible. *Martin*, 890 S.W.2d at 357, *citing* *Webb*, 39 S.W.2d at 1052.

Second, the Hallquists contend that naming Fannie Mae as the purchaser at the sale allowed it to bring an unlawful-detainer action as opposed to an ejectment action. The Hallquists are correct that they cannot challenge title issues in an unlawful-detainer action, as it adjudicates only lawful possession. *Wells Fargo Bank, N.A. v. Smith*, 392 S.W.3d 446, 454-55 (Mo. banc 2013); **§§ 534.200**, **534.210 RSMo**. "When any person willfully and without force holds over any lands, tenements or other possessions . . . after a mortgage or deed of trust has been foreclosed and the person has received written notice of a foreclosure . . . such person is guilty of an 'unlawful detainer.'" **§ 534.030.1 RSMo**. The statute does not limit asserting an unlawful detainer action to only the actual purchaser at the sale. Moreover, the recording occurred after a valid sale, and after the Hallquists lost their rights in the property. The trustee, Millsap, is required to act with "complete integrity, fairness,

and impartiality toward both the debtor and the creditor." *Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. banc 1974). The trustee must conduct a fair and impartial sale. *Lunsford v. Davis*, 254 S.W. 878, 885 (Mo. 1923), *quoting* *Axman v. Smith*, 57 S.W. 105, 106 (Mo. 1900). The Hallquists cite no authority that the recording was a breach of this duty (at any rate, the alleged breach occurred after Millsap's duties to the Hallquists were complete). The Hallquists cite *Smith v. Haley*, 314 S.W.2d 909 (Mo. 1958), to argue that the trustee's duties do not cease at the time of sale. There, the trustee purchased the property 30 minutes after the foreclosure sale. *Smith*, 314 S.W.2d at 913. The court held that this transaction rendered the *entire sale* void as fraudulent, especially considering the trustee purchased the property for 50 percent more than the foreclosure-sale price. *Id.* at 914-15. Here, the Hallquists offer no evidence of fraud.

Third, the Hallquists allege that Millsap "avoided extra legal and recording fees by failing to record the transfer from SunTrust to FNMA." This does not damage the Hallquists and thus is not a breach of fiduciary duty.

C.

The Hallquists argue that the district court "erred in deciding that Appellants had failed to plead facts that proved a duty to investigate the transaction on the part of the fiduciary trustee." "[I]n the absence of unusual circumstances known to the trustee, he may, upon receiving a request for foreclosure from the creditor, proceed upon that advice without making any affirmative investigation and without giving any special notice to the debtor." *Spires*, 513 S.W.2d at 378-79.

Rather than listing facts alerting Millsap to "unusual circumstances," the Hallquists repeat their litany of alleged breaches of fiduciary duties. None of these arguments are persuasive. As the district court explained, "SunTrust was the holder of the Note at the time of the foreclosure sale, was entitled to enforce the Note, and

-10-

had the power of sale and foreclosure conferred upon it by the Deed of Trust." *Hallquist*, 2012 WL 1980656, at *2, *citing* **§§ 400.1-201(20)**; **400.3-301 RSMo**; *Hobson v. Wells Fargo Home Mortg.*, No. 2:11CV00010, 2001 WL 3704815, at *2 (E.D. Mo. Aug. 24, 2011). Millsap was allowed to accept a credit bid. *Martin*, 890 S.W.2d at 357, *citing* *Webb*, 39 S.W.2d at 1052. As explained, the Hallquists' challenges to Fannie Mae's designation are also unsuccessful.

\* \* \* \* \* \* \*


The judgment of the district court is affirmed.

_____