# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3636

_____

Paris Limousine of Oklahoma, LLC

*Plaintiff - Appellant*

v.

Executive Coach Builders, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 5, 2017
Filed: August 7, 2017

_____

Before GRUENDER, MURPHY, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Paris Limousine of Oklahoma (Paris Limousine) brought suit against Executive Coach Builders (Executive Coach), alleging that limousines it purchased from Executive Coach were in breach of warranty. The district court dismissed the complaint, concluding that Paris Limousine was improperly attempting to enforce the

Federal Motor Vehicle Safety Standards (FMVSS) via a warranty action. Paris Limousine appeals, and we reverse.

## I. Background

Because this appeal arises from the grant of a motion to dismiss, the following facts are drawn solely from the complaint. See Zutz v. Nelson, 601 F.3d 842, 846 (8th Cir. 2010). Executive Coach is in the business of converting standard vehicles into limousines. Paris Limousine purchased nine limousines from Executive Coach that it alleges are in breach of warranty because they are overweight.[1]

According to the complaint, Executive Coach expressly warranted to Paris Limousine that its limousines complied with all applicable FMVSS.[2] The limousines sold to Paris Limousine do not comply with the federal standards because their actual weights are greater than the weight ratings indicated on the FMVSS-required label that Executive Coach affixed to the vehicles. As a result, the nine limousines are not properly certified and suffer from safety hazards associated with overloading. To remedy the overloading and bring the vehicles into compliance with the FMVSS, the limousines need to be physically modified.

---

[1]The complaint states claims for (1) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; (2) breach of express warranty; and (3) breach of implied warranty. Although Paris Limousine states that it appeals the dismissal of its express and implied warranty claims, its arguments on appeal address only the express warranty claim. We thus limit our opinion to that claim.

[2]Executive Coach did not challenge this contention at the district court or on appeal. Because the parties and the district court assumed that Executive Coach expressly warranted that its limousines complied with the FMVSS, we proceed from that assumption as well.

Executive Coach moved to dismiss the complaint, arguing, *inter alia*, that Paris Limousine failed to allege damages and the suit was an improper attempt to enforce the FMVSS. Although it found the damages allegations sufficient, the district court dismissed the complaint, concluding that Paris Limousine could not use a warranty action to enforce statutory safety standards that provide no private right of action. The district court also denied Paris Limousine's motion for reconsideration, again holding that the FMVSS cannot be the basis of a warranty claim. Paris Limousine appeals the district court's grant of the dismissal motion and its denial of the reconsideration motion. We review de novo the grant of a motion to dismiss, but we will reverse a denial of a motion for reconsideration only for a clear abuse of discretion. See Hallquist v. United Home Loans, Inc., 715 F.3d 1040, 1044 (8th Cir. 2013). Because we find that the district court erred in granting the motion to dismiss, we do not address arguments related to the reconsideration motion.

## II. Discussion

The FMVSS are promulgated by the Department of Transportation under the authority of the National Traffic and Motor Vehicle Safety Act of 1966 (Safety Act), 15 U.S.C. § 1381, *et seq*. See Geier v. Am. Honda Motor Co., 529 U.S. 861, 864–65 (2000). The parties agree that the Safety Act contains no private right of action to enforce the FMVSS. See Ayres v. Gen. Motors Corp., 234 F.3d 514, 524 (11th Cir. 2000). Executive Coach argues that the complaint was properly dismissed because Paris Limousine cannot use a warranty claim to create a private right of action to enforce the labeling requirements of the FMVSS.

Assuming that Executive Coach expressly warranted that its limousines complied with the FMVSS, its warranty obligations are independent of any statutory obligations imposed by the Safety Act or the FMVSS. Congress made clear that the Safety Act does "not establish or affect a warranty obligation under a law of the United States or a State. A remedy under [the Safety Act] . . . is in addition to other

rights and remedies under other laws of the United States or a State." 49 U.S.C. § 30103(d). Paris Limousine brought its express warranty claim under Missouri law, which authorizes private enforcement actions for breaches of express warranties. See Mo. Ann. Stat. §§ 400.2-313, 400.2-714. The Safety Act and the FMVSS do not affect Executive Coach's potential liability under Missouri law for breach of its express warranty. See Fabian v. Fulmer Helmets, Inc., 628 F.3d 278, 281–82 (6th Cir. 2010) (rejecting defendant's argument that the plaintiff "cannot do indirectly what he cannot do directly by couching his private efforts to enforce the provisions of the Safety Act as state law misrepresentation claims" because the claims were authorized under state law and thus the plaintiff "has no need for, and thus need not invoke, a private right of action under the Safety Act").

Executive Coach relies on Astra USA, Inc. v. Santa Clara County, 563 U.S. 110 (2011), to argue that, regardless of the theory pleaded in the complaint, suits to enforce the FMVSS are barred because they are an improper attempt to create a private right of action. But Astra does not help Executive Coach. That case concerned the Public Health Services Act—a statute that does not contain a provision comparable to 49 U.S.C. § 30103(d) that expressly allows parties to pursue remedies based on warranties. See Astra, 563 U.S. at 117–22.

On appeal, Executive Coach also appears to argue that Paris Limousine's warranty action should be dismissed due to conflict preemption. Perhaps because Executive Coach did not raise this argument until its reply brief, the district court did not rule on it, and "we do not normally consider issues which the district court did not rule upon." Bearden v. Lemon, 475 F.3d 926, 929–30 (8th Cir. 2007) (quoting First Union Nat'l Bank v. Pictet Overseas Tr. Corp., 351 F.3d 810, 816 (8th Cir. 2003)). To the extent that the argument is properly before us, we find that Executive Coach has not met its burden to demonstrate that conflict preemption applies: It has not shown that it is impossible to comply with its warranty obligation and the FMVSS, nor has it established that its warranty obligation "stands as an obstacle" to the

-4-

objectives of the Safety Act or the FMVSS.  Geier, 529 U.S. at 873–74 (internal quotation omitted); Williams v. Nat'l Football League, 582 F.3d 863, 880 (8th Cir. 2009) (burden is on party asserting federal preemption of state law); see also Fabian, 628 F.3d at 282–83 (holding that common law misrepresentation claims were not preempted because they did not conflict with a FMVSS).

Finally, Executive Coach argues that the complaint should be dismissed because Paris Limousine failed to allege legally cognizable damages.  The district court rejected this argument, concluding that the complaint "is reasonably read to allege that it cannot obtain the full use and benefit of the vehicles it purchased because of the supposed defects."  We agree with the district court.  Paris Limousine alleged that it did not receive the benefit of its bargain when Executive Coach delivered limousines that were improperly labeled and overweight; such allegations sufficiently plead legally cognizable damages.  See Coghlan v. Wellcraft Marine Corp., 240 F.3d 449, 542 (5th Cir. 2001); Mo. Ann. Stat. § 400.2-714(2).

### III. Conclusion

For the foregoing reasons, we reverse the district court's dismissal of the express warranty claim and remand for further proceedings consistent with this opinion.

_____