# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3857

_____

Richard Lee Wann,

*Plaintiff - Appellant,*

v.

St. Francois County, Missouri; V. Kenneth Rohrer, an individual, St. Francois County Public Administrator, and Former Temporary Guardian Ad Litem of Richard Lee Wann; Edward Pultz, an individual, and Attorney for Public Administrator V. Kenneth Rohrer; Brice Reed Sechrest, an individual, and Former Attorney for Richard Lee Wann; Shawn Ragan McCarver, an individual, and Associate Judge for the Circuit Court of St. Francois County, Missouri, Probate Division; Farmington Missouri Hospital Company, LLC, a Missouri Domestic Limited Liability Company; Ahmad Ardekani, M.D., an individual; Nicole Rotter, MSW, an individual; Americare at Maplebrook Assisted Living, LLC, a Missouri Domestic Limited Liability Company,

*Defendants - Appellees.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 13, 2017
Filed: October 17, 2017
[Unpublished]

_____

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Richard Wann appeals a series of orders in which the district court[1] rebuffed his efforts to amend his complaint. We do not read the relevant portion of the district court's scheduling order—"Any other motion to amend the complaint shall be filed no later than June 1, 2016"—as pre-approving an amendment, eliminating the need to request leave to amend, or otherwise authorizing the filing of an amended complaint without an accompanying motion for leave. *See* Fed. R. Civ. P. 15(a)(2) (except within defined windows not relevant here, "a party may amend its pleading only with the opposing party's written consent or the court's leave"); *cf. United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742 (8th Cir. 2014) ("[A] district court in granting a motion to dismiss is not obliged to invite a motion for leave to amend if plaintiff did not file one."). Wann's motion for reconsideration of the order striking his unauthorized amended complaint did not contain any argument for granting leave to amend, so the district court did not abuse its discretion by denying it. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Wann also purports to challenge the district court's refusal to alter the judgment to specify that the dismissal of some of his claims was without prejudice. That issue is not properly before us, because Wann did not file a notice of appeal from the relevant order or supplement his already-filed notice to include it. *See Burgess v. Suzuki Motor Co.*, 71 F.3d 304, 306 (8th Cir. 1995) (requirement that notice of appeal identify order being appealed is jurisdictional); *see also* Fed. R. App. P. 3(c)(1)(B), 4(a)(4)(B)(ii). Even if we construe Wann's argument as challenging the judgment itself, as distinct from the denial of his motion to "correct" it, we agree

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

with the district court that there is no error. Federal Rule of Civil Procedure 41(b) specifies that unless the dismissal order states otherwise, a dismissal for failure to state a claim operates as an adjudication on the merits, and the judgment simply made this explicit. We decline to address the arguments raised for the first time in Wann's reply brief. *See Mahaney v. Warren County*, 206 F.3d 770, 771 n.2 (8th Cir. 2000) (per curiam).

The judgment of the district court is affirmed.

_____