# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1997
_____

Steven Menz,                            *
                                        *
        Plaintiff-Appellant,            *
                                        *
v.                                      *   Appeal from the United States
                                        *   District Court for the Eastern
Procter & Gamble Health Care Plan;      *   District of Missouri.
The Procter & Gamble Company;           *
The Procter & Gamble                    *
Manufacturing Company; Healthlink,      *
Inc.; Healthlink HMO, Inc.; D.A.        *
Tiersch; J.G. Hagopiang; J.P.           *
Dierkes, Trustees; Procter & Gamble     *
Benefit Plan Trust; The Epoch           *
Group, L.C.,                            *
                                        *
        Defendants-Appellees.           *

_____

Submitted:  January 18, 2008
    Filed:  March 27, 2008

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and GOLDBERG,[1] Judge.

_____

GOLDBERG, Judge.

---

[1]The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

Plaintiff Steven Menz filed this action to review the denial of benefits under an employee benefits plan. Menz seeks benefits for a secondary or "back-up" prosthetic left arm and hand. The defendants filed motions for judgment on the administrative record which were granted by the district court.[2] For the reasons that follow, we affirm.

## I.    BACKGROUND

### A.    Relevant Facts

Steven Menz, a self-employed rancher, was injured in a work-related accident, resulting in the amputation of his left arm above the elbow. Menz is a beneficiary of The Procter & Gamble Health Care Plan ("The Plan"),[3] which is an employee benefits plan governed by the Employee Retirement Income Security Act ("ERISA"). The Plan provides health benefits to the employees of The Procter & Gamble Company and The Procter & Gamble Manufacturing Company (collectively "Procter & Gamble") and their beneficiaries. Procter & Gamble is the Plan Administrator, and it retained The EPOCH Group, L.C. ("EPOCH"), Healthlink, Inc., and Healthlink HMO, Inc. (collectively "Healthlink") to process claims for benefits submitted to the Plan.

After Menz's accident, his physician recommended that Menz receive benefits for two prostheses to replace his amputated arm–one myoelectric arm for primary use, and one body-powered arm to be used as a back-up. (J.A. 197-98.) On January 29, 2004, the Plan determined that benefits would be allowed for one myoelectric prosthetic arm. Menz then sought benefits for a second myoelectric arm (instead of

---

[2]The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

[3]The plaintiff's wife, Jennifer Menz, is an employee of Procter & Gamble.

a body-powered arm) to be used as a back-up. Healthlink, one of the Plan's claim processors, denied certification of the back-up myoelectric arm on February 13, 2004.[4] (J.A. 284.)

Menz continued to seek a secondary myoelectric prosthesis through administrative procedures. On April 22, 2005, EPOCH, on behalf of the Plan, sent a letter to Menz denying his claim. The Plan denied the claim for a back-up prosthesis because (1) the Plan does not cover items of comfort or convenience; (2) the Plan does not cover back-up items; (3) Menz failed to obtain pre-certification/pre-authorization; (4) the Plan does not cover work-related injuries; and (5) the Plan does not cover items owed by third parties. (J.A. 279-83.)

Next, Menz appealed the Plan's denial of benefits. The Plan conferred with an independent medical reviewer to determine if a back-up myoelectric prosthesis was "medically necessary" pursuant to the Plan's terms. The medical reviewer advised that the back-up prosthesis was not medically necessary. The day after the reviewer made this determination, Menz submitted a physician's letter and a prescription for the myoelectric arm for the Plan's consideration. The Plan forwarded these documents to the independent reviewer, but the reviewer advised that the additional information did not alter her original determination concerning medical necessity. As a result, the Plan denied Menz's first appeal.

Menz filed a second appeal of the Plan's determination. The Plan sought the advice of a second independent medical reviewer to determine if a back-up prosthesis was medically necessary for Menz. The second reviewer, while suggesting that a back-up prosthetic would be "appropriate," ultimately concluded that it was not

---

[4]Healthlink declined to certify benefits for *two* myoelectric arms. At the time of the non-certification, Healthlink had not yet been informed that the Plan had approved benefits for one arm on January 29, 2004.

medically necessary under the terms of the Plan. The Plan denied Menz's second appeal, but permitted him an additional 45 days to submit supplemental information for the Plan's reconsideration of its decision. Menz submitted a letter from his physician. On April 11, 2006, after reviewing the letter, the Plan informed Menz that it would not amend its previous denial of benefits. Menz then filed the present cause of action against the Plan, Procter & Gamble, Procter & Gamble Benefit Plan Trust, D.A. Tiersch, J.G. Hagopiang, and J.P. Dierkes (trustees of the Procter & Gamble Benefit Plan Trust), EPOCH and Healthlink.

In the proceedings below, the defendants moved for judgment on the administrative record, which the district court granted.[5] Menz now raises three issues in this appeal: (1) the Plan's denial of benefits was an abuse of discretion because the Plan applied the wrong version of the Summary Plan Description when determining "medical necessity," (2) the district court erred when it applied the abuse of discretion standard of review, because serious procedural irregularities in the claims process warranted a less deferential standard of review, and (3) the district court erred when it held that Healthlink was not a proper party.

**B.    Waiver**

As an initial matter, many of the issues that Menz raises on appeal are foreclosed due to waiver. In his second issue on appeal, Menz argues that the district court should have reviewed the Plan's denial of benefits with less deference because of the cumulative effect of several "serious procedural irregularities" in the administrative process. Several of the alleged irregularities were never brought to the

[5]The Plan, Procter & Gamble, the Plan trustees and EPOCH jointly filed a motion for judgment on the administrative record. Healthlink filed a separate motion, asserting that the Plan did not abuse its discretion and that Healthlink was not a proper party to the lawsuit. The district court granted both motions in separate opinions on the same day.

attention of the district court and are therefore waived.[6] See Woods v. Perry, 375 F.3d 671, 674 n.2 (8th Cir. 2004). The only remaining issues relating to Menz's procedural irregularity claim are (1) that Menz was subjected to excessive levels of administrative review, and (2) that the administrative record was incomplete.

Additionally, the portion of Menz's appeal disputing the reasonableness of the Plan's denial of benefits rests entirely on the premise that the Plan and the district court relied on the wrong version of the Summary Plan Description. Menz never argued before the district court that a different Summary Plan Description should have governed his claim. As such, this issue is waived.

Due to the fact that most of Menz's arguments on appeal are waived, we will only address the following remaining issues: (1) whether the district court should have applied a less deferential review because Menz's claim was subjected to excessive levels of review, (2) whether the administrative record is incomplete, (3) whether Healthlink is a proper party to this action.

## II.   DISCUSSION

### A.   Excessive Levels of Review

Menz appeals the district court's grant of judgment on the administrative record, which we treat as a form of summary judgment and review de novo. See Ridell v. Unum Life Ins. Co. of Am., 457 F.3d 861, 864 (8th Cir. 2006).

---

[6]The issues that Menz failed to raise before the district court are the following: (1) that the district court should not have applied the abuse of discretion standard of review because the Plan has a "per se conflict of interest,"(2) that the Plan failed to conduct an independent medical examination of Menz; (3) that the Plan failed to provide the credentials of the independent reviewers; (4) that the Plan failed to consider a primary medical issue.

We also review de novo the district court's determination of the appropriate standard of review to apply to a denial of benefits under ERISA. See Barham v. Reliance Standard. Life Ins. Co., 441 F.3d 581, 584 (8th Cir. 2006). When a plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, a denial of benefits is reviewed under an abuse of discretion standard. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). In the present case, it is undisputed that the Plan grants discretionary authority to its administrator (Procter & Gamble) to determine eligibility and to interpret the terms of the plan. However, even where the administrator has discretionary authority, a less deferential standard of review may be warranted if a plaintiff shows that a "serious procedural irregularity existed" which caused a "serious breach of the plan trustee's fiduciary duty to the plan beneficiary." Buttram v. Cent. States, Se. & Sw. Areas Health & Welfare Fund, 76 F.3d 896, 900 (8th Cir. 1996).

Menz believes that a serious procedural irregularity occurred because his claim was subjected to excessive levels of review. An employee benefits plan has an obligation to establish and maintain reasonable claims procedures. See 29 C.F.R. § 2560.503-1(b) (2007). Claims procedures are reasonable if they, inter alia,"do not contain any provision, and are not administered in a way, that requires a claimant to file more than two appeals of an adverse benefit determination prior to bringing a civil action under section 502(a) of [ERISA.]" Id. § 2560.503-1(c)(2).

It appears that Menz did participate in more than two appeals of his denial of benefits,[7] but "the mere presence of a procedural irregularity is not enough to strip a plan administrator of the deferential standard of review." McGarrah v. Hartford Life Ins. Co., 234 F.3d 1026, 1031 (8th Cir. 2000). A less deferential standard is only warranted when a beneficiary shows that the plan administrator, "in the exercise of its

[7]Essentially, Menz appealed Healthlink's February 2004 denial of certification, and then twice appealed EPOCH's denial of benefits.

power, acted dishonestly, acted from an improper motive, or failed to use judgment in reaching its decision." Neumann v. AT&T Commc'ns, Inc., 376 F.3d 773, 781 (8th Cir. 2004). Additionally, the irregularity "must have some connection to the substantive decision reached . . . ." Buttram, 76 F.3d at 901.

The Plan admits that certain "procedural mistakes were made" during the processing of Menz's claim, and that there was some confusion as to which entity was responsible for handling the claim–Healthlink or EPOCH. See Appellee Procter & Gamble's Br. 33. The Plan attempted to remedy any errors or confusion by allowing him a new appeal process to give him the opportunity to demonstrate the validity of his request for benefits. Menz fails to demonstrate how permitting an additional appeal had any connection to the substantive decision reached or that the Plan acted with an improper motive. On the contrary, Menz had further opportunity to supplement the record in support of his claim. Menz has not raised "serious doubts as to whether the result reached was the product of an arbitrary decision or the plan administrator's whim," and he has not demonstrated that "the actual decision was reached without reflection and judgment . . . ." Buttram, 76 F.3d at 900-01. Accordingly, the district court did not err when it reviewed the Plan's decision for abuse of discretion, despite the fact that Menz's claim was subject to more than two appeals.

## B. Completeness of Administrative Record

Menz argues that the case must be remanded because the Plan did not submit a complete administrative record. Specifically, he claims he did not receive policy, procedures and handling guidelines that are relevant to the denial of his claim

pursuant to 29 C.F.R. § 2560.503-1.[8] The district court correctly noted that Menz has "not established with any specificity what evidence he believes was omitted, or what role such evidence may have played in the Adminstrator's decision to deny his claim." Menz v. Procter & Gamble Health Care Plan, 2007 U.S. Dist. LEXIS 25854, at *10 (E.D. Mo. Mar. 22, 2007). Menz makes no further effort on appeal to specify what documents he lacks or their relevance. As such, Menz's contention is meritless.

Menz also claims that the administrative record was incomplete because it did not include any "administrative agreements" between the Plan and Healthlink. Menz does not attempt to demonstrate how these administrative agreements would be

---

[8] In relevant part, this regulation states that:

A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information

(i) Was relied upon in making the benefit determination;

(ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;

(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or

(iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503-1(m)(8).

relevant pursuant to 29 C.F.R. § 2560.503-1. Instead, he claims that they are required to prove that the Plan denied his claim due to a conflict of interest. If Menz could prove that a conflict of interest existed that had some connection with the Plan's decision to deny the claim, a less deferential standard of review would be warranted. See Woo v. Deluxe Corp., 144 F.3d 1157, 1160-61 (8th Cir. 1998). To demonstrate that a less deferential standard should apply, Menz must show that "(1) a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to [him]." Id. at 1160.

Often, a palpable conflict of interest will be apparent from the administrative record. See Farley v. Ark. Blue Cross & Blue Shield, 147 F.3d 774, 776 n.4 (8th Cir. 1998). If a conflict of interest is not apparent from the record, the district court may permit discovery and supplementation of the record to establish these facts if the plaintiff makes a showing of good cause. Cf. Brown v. Seitz Foods, Inc. Disability Benefit Plan, 140 F.3d 1198, 1200 (8th Cir. 1998). Menz never requested that the court permit limited discovery or supplementation of the record, and he did not make any showing of good cause to do so. He cannot for the first time on appeal argue that he was unable to prove a palpable conflict of interest existed when he did not even attempt to reopen discovery or request supplementation of the record. A less deferential standard of review is not warranted under these circumstances.

## C. Healthlink

In the proceedings below, Healthlink filed a separate motion for judgment on the administrative record. The district court granted Healthlink's motion on two grounds: (1) Healthlink is not a proper party and (2) the Plan's denial of benefits was not an abuse of discretion. Because Menz fails to demonstrate that the Plan abused its discretion in its denial of benefits, it is unnecessary to address whether Healthlink is a proper party.

## III.   CONCLUSION

In light of the foregoing, the district court's grant of summary judgment on the administrative record is **AFFIRMED.**  The appellees' motion to strike portions of the appellant's addendum is **DENIED AS MOOT**.

_____