# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1847

_____

Troy J. Daigle,                                    *
                                                   *
                    Appellant,                      *
                                                   *    Appeal from the United States
          v.                                       *    District Court for the Eastern
                                                   *    District of Arkansas.
Hartford Life and                                  *
Accident Insurance Company,                        *    [UNPUBLISHED]
                                                   *
                    Appellee.                       *

_____

Submitted:  December 2, 2011
    Filed:  December 7, 2011

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Troy J. Daigle appeals the district court's[1] order granting Hartford Life and Accident Insurance Company's (Hartford's) cross-motion for judgment on the administrative record in this Employment Retirement Income Security Act (ERISA) lawsuit.  Upon de novo review, see Menz v. Procter & Gamble Health Care Plan, 520 F.3d 865, 869 (8th Cir. 2008), we find no abuse of discretion in the decision to terminate Daigle's long-term disability benefits.  See Green v. Union Sec. Ins. Co.,

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

646 F.3d 1042, 1050 (8th Cir. 2011) (stating an administrator's decision should be affirmed if it is reasonable, i.e., supported by substantial evidence; decision is reasonable if reasonable person could have—not would have—reached similar decision, given evidence before him). Contrary to Daigle's assertions on appeal, Hartford was not required to conduct an independent medical examination. See Rutledge v. Liberty Life Assurance Co. of Boston, 481 F.3d 655, 661 (8th Cir. 2007) (stating an ERISA plan administrator need not order independent medical examination when insured's supporting evidence is facially insufficient); see also Manning v. Am. Republic Ins. Co., 604 F.3d 1030, 1041 (8th Cir. 2010) (concluding it is not unreasonable for plan administrator to base denial of benefits on lack of objective evidence). Further, as to Hartford's reliance on the opinions of two reviewing orthopedic physicians concerning Daigle's functionality, Hartford was not required to accord special weight to the opinions of Daigle's primary care physicians, see Midgett v. Washington Group Int'l Long Term Disability Plan, 561 F.3d 887, 897 (8th Cir. 2009), especially where they appeared to be based mostly on his subjective reports. Finally, it was reasonable for Hartford to use videotape surveillance to observe Daigle's condition, see Green, 646 F.3d at 1052 (stating video evidence need not conclusively establish a claimant can work full time, but it does provide another form of objective evidence upon which an ERISA plan administrator may base its claims determination); furthermore, this was only one piece of the evidence Hartford cited in its decision.

The district court is affirmed.

_____