# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-3295

_____

Sharon Wade,                              *
                                          *
              Appellant,                  *
                                          *   Appeal from the United States
       v.                                 *   District Court for the
                                          *   Eastern District of Missouri.
Aetna Life Insurance Company,             *
                                          *
              Appellee.                    *

_____

Submitted: April 18, 2012
Filed: July 24, 2012

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

RILEY, Chief Judge.

Aetna Life Insurance Company, as the plan administrator, determined Sharon Wade was no longer disabled and stopped paying long-term disability benefits from Wade's former employer's welfare benefit plan. Wade sought judicial review of Aetna's decision by filing a civil action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. The district court[1] granted

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

summary judgment in favor of Aetna, concluding Aetna did not abuse its discretion in terminating Wade's benefits because substantial evidence supported the decision.

On appeal, Wade requests that we "order the district court to reinstate [Wade's] benefits" and award attorney fees pursuant to 29 U.S.C. § 1132(g). Wade argues this is necessary because the district court (1) applied the wrong standard of review; (2) failed to give appropriate weight to the Social Security Administration's (SSA) grant of long-term disability benefits to Wade; and (3) abused its discretion by determining substantial evidence supported Aetna's termination of benefits. After de novo review, see Midgett v. Wash. Grp. Int'l. Long Term Disability Plan, 561 F.3d 887, 893 (8th Cir. 2009), we conclude Wade's arguments are without merit, and we affirm the judgment of the district court.

The district court reviewed Aetna's termination of Wade's benefits under an abuse of discretion standard because the district court correctly decided the operative plan granted Aetna discretionary authority to determine whether Wade was entitled to benefits. See id. (stating an abuse of discretion standard applies "when an ERISA plan grants the administrator discretion to construe the plan and to determine benefits eligibility" (quoting Jessup v. Alcoa, Inc., 481 F.3d 1004, 1006 (8th Cir. 2007)) (internal marks omitted)).

Wade contends a de novo standard of review should apply because "Aetna committed serious procedural irregularities," such as (1) failing to provide Wade's attorney the operative plan documents for over two years, and (2) later introducing the correct documents to the district court. See Woo v. Deluxe Corp., 144 F.3d 1157, 1160 (8th Cir. 1998) (explaining a less deferential standard of review is appropriate where there is "material, probative evidence demonstrating that (1) . . . a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty"), abrogated in part by Metro. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008). We disagree.

-2-

In rejecting Wade's argument, the district court, without excusing Aetna's mistakes, recognized that the procedural irregularities at issue "occurred long after the claims decision to terminate [Wade's long-term disability] benefits was made, and after the appeal of that decision was concluded." The district court reasoned Wade had "not shown any facts to indicate that Aetna's subsequent procedural errors could have had any effect on either the claims decision or the appeal process." The district court was correct. Assuming Woo still applies,[2] the de novo standard Wade suggests is not warranted in situations such as this, where the procedural irregularities had no "connection to the substantive decision reached." Menz v. Proctor & Gamble Health Care Plan, 520 F.3d 865, 869 (8th Cir. 2008) (quoting Buttram v. Cent. States, Se. & Sw. Areas Health & Welfare Fund, 76 F.3d 896, 901 (8th Cir. 1996)) (internal quotation marks omitted).

We also disagree with Wade's contention "Aetna abused its discretion by ignoring and failing to place any weight on" the SSA's award of long-term disability benefits to Wade. "[A]n ERISA plan administrator or fiduciary generally is not bound by an SSA determination that a plan participant is disabled." Farfalla v. Mut. of Omaha Ins. Co., 324 F.3d 971, 975 (8th Cir. 2003) (quoting Jackson v. Metro. Life Ins. Co., 303 F.3d 884, 889 (8th Cir. 2002)) (internal marks omitted). Aetna terminated Wade's benefits nearly five years after the SSA evaluated and approved Wade's benefits. Aetna's decision was based on new information the SSA had no opportunity to consider, including an independent medical examination, reviews from five independent board-certified consultants, video surveillance of Wade, and two labor market analyses. "It is not certain that the SSA still would have concluded that [Wade] was entitled to disability benefits had it reviewed the same record that was

_____

[2]See Wrenn v. Principal Life Ins. Co., 636 F.3d 921, 924 n.6 (8th Cir. 2011) (recognizing "[a]fter the Supreme Court's decision in Glenn, the Woo sliding-scale approach is no longer triggered by a conflict of interest," but "[t]he *procedural irregularity* component of the Woo sliding scale approach may . . . still apply in our circuit post-Glenn").

before" Aetna in 2008 when Aetna terminated Wade's benefits.[3]  Jackson, 303 F.3d at 889.

After careful review of the record, we agree with the district court "that substantial evidence supports Aetna's decision to terminate [Wade's] long-term disability benefits."  We therefore affirm the judgment of the district court for the reasons stated in its thorough and well-reasoned opinion.  See 8th Cir. R. 47B.

_____

[3]Wade argues for the first time on appeal that "Aetna has acted in bad faith" because Aetna "encouraged and assisted" her in obtaining Social Security benefits, "receiv[ed] the bulk of the benefits" of Wade's SSA claim, and then later terminated her long-term disability benefits under Aetna's plan.  Wade claims this "indicates procedural unreasonableness."  We do not consider this argument because, "'[a]bsent exceptional circumstances,' not present here, 'we cannot consider issues not raised in the district court.'"  Morrison Enters., LLC v. Dravo Corp., 638 F.3d 594, 608 n.5 (8th Cir. 2011) (quoting Shanklin v. Fitzgerald, 397 F.3d 596, 601 (8th Cir. 2005)).