# United States Court of Appeals

## For the Eighth Circuit

_____

No. 11-2051

_____

Trustees of the Electricians' Salary Deferral Plan; Trustees of the Local No. 1, IBEW Pension Benefit Trust Fund

*Plaintiff*s

v.

Pamela Wright, also known as Pamela Dallas

*Defendant - Appellee*

Eloise Walker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 14, 2012
Filed: August 21, 2012

_____

Before SMITH, BEAM, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Eloise Walker submitted a claim for benefits from the trustees of the Electricians' Salary Deferral Plan, a 401(k), and from the Local No. 1 IBEW Pension Benefit Trust Fund after the death of her son, Bernard Walker, who was an electrician and a participant in and had benefits under the 401(k) and the Pension Plan. The Administrative Manager of the plans (Plan Administrator) denied Walker's request for benefits because Bernard Walker had named his cousin, Pamela Wright-Dallas (Dallas), and not his mother, as his beneficiary under the plans. Walker alleged that Bernard Walker lacked the requisite mental capacity to name Dallas as his beneficiary and that he named Dallas as his beneficiary as a result of undue influence. Walker appealed the Plan Administrator's decision, and the administrative Appeals Committee charged with reviewing decisions of the Plan Administrator denied Walker an appeal hearing and simultaneously affirmed the Plan Administrator's decision.

The plans' trustees then filed an action for interpleader in the district court,[1] depositing the death benefits with the court pending judicial review of the administrative determination of benefits. The court dismissed the trustees from the action. Subsequently, Dallas filed a cross claim against Walker and sought summary judgment and enforcement of the administrative decision. After the court denied Walker's request for appointment of counsel, Walker proceeded pro se and filed an answer to Dallas's complaint and a response to Dallas's motion for summary judgment. The district court granted summary judgment in favor of Dallas.

Walker appeals the grant of summary judgment, arguing that the district court erred because it made a ruling without first reviewing the entire administrative record.

---

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

In the alternative, Walker argues that the court erred by applying the wrong standard of review.[2]  We affirm.

## I.

"Under ERISA, when a denial of benefits is challenged through judicial review, 'the record that was before the administrator furnishes the primary basis for review.'" Callow v. Prudential Ins. Co. of Am., No. CO7-1247RSM, 2009 WL 1455326, at *1 (W.D. Wash. May 21, 2009) (unpublished) (quoting Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999) (en banc)).  See also Brown v. Seitz Foods, Inc.

---

[2]Walker's brief also argues the district court erred in denying her request for appointed counsel.  This argument is not properly before us.  Walker's notice of appeal stated that hers was an appeal from the final ruling of the court, which in this case was the ruling granting summary judgment in favor of Dallas.  "The Federal Rules of Appellate Procedure require a notice of appeal to 'designate the judgment, order or part thereof appealed from.'" Berdella v. Delo, 972 F.2d 204, 207 (8th Cir. 1992) (quoting Fed. R. App. P. 3(c)).  "[T]he requirements of Rule 3 must be satisfied, because they are jurisdictional prerequisites to review." Schibursky v. Int'l Bus. Machines, No. 95-3290, 1996 WL 351141, 89 F.3d 841, at *1 (8th Cir. 1996) (unpublished per curiam).  Walker notes that she was pro se at the time she filed her appeal.  We have previously stated that "[a]lthough we traditionally construe notices of appeal liberally, particularly those of *pro se* litigants, an intent to appeal the judgment in question must be apparent and there must be no prejudice to the adverse party." Berdella, 972 F.2d at 207-08.  In this case, Walker's intent to appeal the court's intermediate order declining to appoint counsel was not apparent from Walker's notice of appeal.  Although Walker's appeal Form A indicated Walker's intent to appeal the denial of counsel, Walker's Form A was filed some eight months after her notice of appeal, and well after the time period for appeal passed.  In order for Form A to be considered part of the notice of appeal, it must be filed within the time constraints for the notice of appeal.  See Schibursky, at *2.  Accordingly, we have no jurisdiction to review the ruling. Id.; see also Smith v. Barry, 502 U.S. 244 (1992) (where litigant's failure to provide notice of intent to appeal prohibited the court from entertaining the appeal).

Disability Ben. Plan, 140 F.3d 1198, 1200 (8th Cir. 1998) (suggesting a district court should ordinarily limit its review to the evidence contained in the administrative record). Walker now contends that the complete administrative record was not before the district court and that the court erred in granting summary judgment to Dallas without the benefit of that entire record. Walker did not present this argument to the district court.

"[O]rdinarily, this court will not consider arguments raised for the first time on appeal." Wiser v. Wayne Farms, 411 F.3d 923, 926 (8th Cir. 2005) (quotation omitted). "As such, a party cannot assert arguments that were not presented to the district court in opposing summary judgment in an appeal contesting an adverse grant of summary judgment." Cole v. International Union, et al, 533 F.3d 932, 936 (8th Cir. 2008) "We may notice plain error despite a failure to raise the issue below, but we generally do so only to prevent a miscarriage of justice." Id. (quotation omitted). "Plain error is a stringently limited standard of review, especially in the civil context." Littrell v. Franklin, 388 F.3d 578, 587 (8th Cir. 2004) (quotation omitted). "[T]he party claiming plain error [must] demonstrate . . . that [the alleged error] likely altered the outcome[ ]" of the proceeding. Id. (quotation omitted).

The district court had an extensive record before it. The only items that Walker identifies that were not before the district court are records of Bernard Walker's employment and a record of his investment decisions. Walker fails to point out how consideration of these records would have "likely altered the outcome" of this proceeding. See id. Finding no plain error, we reject Walker's claim that the district court considered an inadequate record.

II.

Next, Walker argues that the district court erred in applying the abuse of discretion standard in reviewing the initial decision of the Plan Administrator. She

alleges the Appeals Committee did not make a decision on the merits of her claim by not addressing the issues of mental incapacity or undue influence and instead merely denied her a hearing, leaving the merits decision to the district court by filing the interpleader action. "Where an ERISA plan gives the administrator discretionary power to . . . make eligibility determinations, the administrator's decision is reviewed for an abuse of discretion." Hankins v. Standard Ins. Co., 677 F.3d 830, 834 (8th Cir. 2012). However, the district court should apply a de novo standard of review, rather than an abuse of discretion standard, when the "administrator did not exercise the discretion granted to it." Alliant Techsystems, Inc. v. Marks, 465 F.3d 864, 868 (8th Cir. 2006).

In its decision, the Appeals Committee determined the merits of Walker's claim. The Committee directly addressed the issues of undue influence and mental incapacity, finding Walker had not submitted specific evidence to prove her claims. The trustees' choice to file an interpleader action does not preclude its eligibility determination from being afforded an abuse of discretion review. See Alliant Techsystems Inc., 465 F.3d at 869 (the district court should give judicial deference toward issues the administrator did decide before filing its interpleader action) (quotations omitted). The district court properly applied the abuse-of-discretion standard.

## III.

Finally, Walker argues that the district court should have applied a de novo standard of review rather than an abuse of discretion standard to the Plan Administrator's decision because of procedural irregularities at the administrative level. The district court should "apply heightened review . . . where the [would-be] beneficiary can show (1) that a serious procedural irregularity existed; and (2) that the irregularity caused a serious breach of the plan trustee's fiduciary duty to the plan beneficiary. The mere assertion of an apparent irregularity, without more, is

-5-

insufficient to give rise to heightened review." Layes v. Mead Corp., 132 F.3d 1246, 1250 (8th Cir. 1998) (internal citation omitted).

Walker alleges the following irregularities occurred: the Appeals Committee failed to make findings of fact; the Appeals Committee denied Walker's request for a hearing even though Walker indicated she had new evidence that was not before the Plan Administrator; the Appeals Committee issued its decision to deny a hearing simultaneously with its decision on the appeal; and the Appeals Committee failed to advise Walker that she could obtain the administrative record.

The first three of Walker's allegations do not appear to be irregularities at all, much less serious ones. First, Walker failed to demonstrate that the Appeals Committee's decision failed to make findings of fact. As noted, the decision specifically found that Walker had presented insufficient evidence to support her claims. Second, the appeal procedure expressly gave the trustees the authority to decide whether a hearing would be held. Third, nothing in the appeal procedure prohibited the filing of a denial of an appeal simultaneously with the denial of a hearing.

Walker points out that the adverse decision did not contain notice, as required by the appeal procedure, that Walker had the right to access the full administrative record. However "'the mere presence of a procedural irregularity is not enough to strip a plan administrator of the deferential standard of review.'" Menz v. Procter & Gamble Health Care Plan, 520 F.3d 865, 869 (8th Cir. 2008) (citation omitted). For a less deferential standard of review to apply, Walker must demonstrate a "serious procedural irregularity caused a serious breach of [the Plan's] fiduciary duty." Torres v. UNUM Life Ins. Co. of Am., 405 F.3d 670, 679 (8th Cir. 2005). Additionally, the heightened standard is only warranted where the procedural irregularity has a "'connection to the substantive decision reached.'" See Wade v. Aetna Life Ins. Co., No. 11-3295, __ F. 3d __, __, 2012 WL 3000661, at *1 (8th Cir. July 24, 2012)

-6-

(quoting <u>Menz</u>, 520 F.3d at 869). Walker has offered no evidence that the Plan Administrator breached its fiduciary duty to Walker nor has she demonstrated that the Appeals Committee's failure to notify Walker of her right to access the administrative record was connected to the Committee's ultimate decision. The procedure required that the notice be included with the adverse decision, not given before the decision was issued. The heightened standard of review "is not warranted in situations such as this, where the procedural irregularities had no 'connection to the substantive decision reached.'" <u>Id.</u> (quoting <u>Menz</u>, 520 F.3d at 869).

IV.

For the foregoing reasons, we affirm.

_____