# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued November 25, 2013      Decided December 20, 2013

No. 13-7002

IAN PHILLIP JAMES,
APPELLANT

v.

INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY
PENSION PLAN AND GARY J. MEYERS,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:07-cv-02107)

———

*Kelly Burchell* argued the cause and filed the briefs for appellant.

*Kent Cprek* argued the cause for appellees. With him on the brief was *Judith Sznyter*.

Before: BROWN, *Circuit Judge*, and EDWARDS and SILBERMAN, *Senior Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM: Appellant Ian Phillip James asserts that the International Painters and Allied Trades Industry Pension Plan

("International Plan") has denied him benefits to which he is entitled. The key factual issue is whether James accrued enough credit under an earlier plan, the Local 963 Plan, which was later merged into the International Plan. In light of certain concessions, the only time period at issue is between 1959 and 1962. Relevant contemporaneous records regarding this period are sparse. The International Plan determined that James had not demonstrated sufficient accrued credit during the period, and it denied James most of the benefits he sought. James sued in district court, arguing, among other things, that the district court should review the International Plan's determination *de novo*. According to James, the abysmal state of the International Plan's records, as well as its failure to timely produce certain records, meant that the International Plan should forfeit its entitlement to a deferential standard of review in district court. The district court rejected this argument and affirmed the International Plan's decision as reasonable under an abuse of discretion standard. *James v. Int'l Painters & Allied Trades Indus. Pension Plan*, 844 F. Supp. 2d 131, 146-47 (D.D.C. 2012) (*James II*). On appeal, the only issue is whether, because of the procedural irregularities in the administrator's handling of the claim, the district court should have applied a *de novo* standard of review. We think that the district court applied the correct standard of review, and we affirm.

The International Plan is an ERISA-governed pension plan.[1] The Supreme Court has held that courts should review ERISA benefits determinations deferentially if the plan explicitly grants discretion to plan administrators to determine benefits eligibility. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115-16 (1989). The district court found, and James concedes, that the International Plan does grant the plan administrator discretion. *James v. Int'l Painters & Allied Trades Indus.*

---

[1] 29 U.S.C. § 1001 *et seq.*

*Pension Plan*, 710 F. Supp. 2d 16, 24 (D.D.C. 2010) (*James I*). Nevertheless, James argues that the district court should have reviewed the International Plan's determination under a *de novo* standard because of a number of procedural irregularities in the plan's administration of his claim.

Although the Supreme Court has never suggested that the standard of review applied to ERISA administrators' benefits determinations should change because of procedural irregularities, a number of our sister circuits have carved out varying exceptions to the general rule. Some circuits substitute *de novo* review for deferential review only when the plan administrator committed severe procedural violations. *See, e.g., Atkins v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, 694 F.3d 557, 567 (5th Cir. 2012); *Trs. of Electricians' Salary Deferral Plan v. Wright*, 688 F.3d 922, 927 (8th Cir. 2012); *Anderson v. Suburban Teamsters of N. Ill. Pension Fund Bd. of Trs.*, 588 F.3d 641, 646-47 (9th Cir. 2009). The Tenth Circuit is stricter, stripping a plan administrator of deferential review unless the irregularity is "inconsequential." *LaAsmar v. Phelps Dodge Corp.*, 605 F.3d 789, 800 (10th Cir. 2010). The Seventh Circuit, however, has held that procedural irregularities do not alter the standard of review. *See Weitzenkamp v. Unum Life Ins. Co. of Am.*, 661 F.3d 323, 329 n.3 (7th Cir. 2011).

The apparent rationale for applying a more stringent standard of review when there are procedural irregularities is that certain irregularities may call into doubt the plan administrator's good faith or even competence. But whatever the merits of the cases that have recognized a "procedural irregularity exception" to deferential review, we do not think that James has alleged ERISA violations that rise to that level.

First, James argues that the plan failed to maintain adequate records, as it was required to do, *see* 29 C.F.R. § 2530.200b-

3(a), in order to accurately determine his eligibility for benefits. To be sure, the lack of contemporaneous employment records is unfortunate, and it would appear likely that either the Local 963 Plan or the International Plan was negligent in failing to maintain those records. But the fact that records from over fifty years ago were lost does not, by itself, call into question the validity of the *current* plan administrator's findings.[2] ERISA plan administrators must use the best available information to make their determinations, and there is no reason that they should lose the benefit of deferential review simply because, for reasons beyond their control, the best available information is limited.

Second, James argues that the current plan administrator failed to timely produce documents that it was required to produce under ERISA. *See* 29 C.F.R. § 2560.503-1(h)(2)(iii). Here, James has a point. The district court found that the International Plan had violated some of its ERISA disclosure obligations. *James II*, 844 F. Supp. at 158. Moreover, the record suggests that the International Plan, at least initially, was fairly sloppy in evaluating James' claim, making basic arithmetic errors and failing to locate and produce documents that were, in fact, in its possession. *Id.* at 136-37. But the International Plan did ultimately produce all of the required documents, and its ultimate decision took account of all available evidence, including the existing records, James' own testimony, and his social security records. *Id.* at 146-48. The district court found that the plan ultimately made a reasonable determination, consistent with the procedural requirements of ERISA. *Id.* The

---

[2] James argues that by keeping poor records, the Local Plan violated its fiduciary duty, and the International Plan assumed liability for that breach when the plans merged. But James is not making a breach of fiduciary duty claim, and even if the plan has assumed the liabilities of its predecessor, the conduct of the predecessor cannot logically call into question the good faith or competence of the successor.

fact that the International Plan only made its reasonable, ERISA-compliant determination after a few attempts does not change the level of deference to which it is entitled. *See Conkright v. Frommert*, 559 U.S. 506, 513 (2010) (rejecting a "'one-strike-and-you're-out' approach" to ERISA review). The admitted violations of ERISA disclosure requirements in this case were not so "flagrant" that we should consider recognizing a new exception to the deferential review of plan administrators' discretionary decisions.

We recognize that James seems only inches away from having accrued sufficient credit to qualify for a greater pension, but without adequate records, it is quite difficult to show. The district court held that the plan administrator acted reasonably in dealing with the sparse record – at least once all available information was before it – and we see no basis in this case for applying a more stringent standard of review.

*So ordered.*