# United States Court of Appeals
### For the Eighth Circuit

———————————————————

No. 17-1810

———————————————————

Rudy Butch Stanko, doing business as The Stampede News

*Plaintiff - Appellant*

v.

Bosselman Enterprises; Paul Riggs, Division Manager, individually and in his
official capacity; Defendants 1X through 3X, individually, will be named after discovery

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the District of Nebraska - North Platte

——————————

Submitted: May 17, 2018
Filed: July 23, 2018
[Unpublished]

——————————

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.

——————————

PER CURIAM.

After Bosselman Enterprises ("Bosselman") stopped displaying Rudy Butch
Stanko's newspapers in its stores, Stanko sued Bosselman and its manager in federal

court. The district court[1] granted the defendants' motion under Federal Rule of Civil Procedure 12(b)(6) and dismissed the complaint. Stanko appeals, and we affirm.

## I. *Background*

Stanko lives in Nebraska and operates a free "cowboy newspaper" that runs advertisements for local livestock auctions. Complaint at 3, *Stanko v. Bosselman Enters.*, No. 7:17-cv-05000-RFR-FG3 (D. Neb. Feb. 2, 2017), ECF No. 1. Bosselman is a privately held company that operates convenience stores and gas stations. In January 2017, Bosselman's manager disallowed future placement of Stanko's newspapers in its stores and directed employees to discard any remaining copies. Despite Stanko's requests, Bosselman has continued its refusal to display the newspapers.

Stanko, proceeding pro se, sued Bosselman and its manager along with unnamed defendants "individually." *Id.* at 1. He alleged that they violated his First Amendment right of free speech by banning his newspapers. He also alleged that they conspired to violate his "Constitutional and Statutory rights (Title 42 USC §§ 1981 thru 1985). Especially see 1985(3) ('Conspiracy to interfere with civil rights—depriving persons of rights or privileges) and §1981(c) (impairment by nongovernmental . . . discrimination and impairment under color of State law." *Id.* at 4 (bold and underline omitted). Upon the defendants' Rule 12(b)(6) motion, the district court dismissed the complaint without prejudice. Stanko appeals.[2]

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

[2]Two days after the district court's dismissal, Stanko moved to amend his complaint. The court denied the motion. Stanko's opening brief argues the court erred in denying his post-judgment motion to amend. This issue is not before us, however. Federal Rule of Appellate Procedure 3(c)(1)(B) requires a notice of appeal to "designate the judgment, order, or part thereof being appealed." Although we

II. *Discussion*

We review the district court's Rule 12(b)(6) dismissal de novo. *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 715 (8th Cir. 2011) (citation omitted). We take as true all the facts alleged in Stanko's complaint to determine whether he has stated a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Stanko's First Amendment claim fails for lack of a state actor. His complaint does not mention a government actor and in fact specifically alleges that Bosselman is privately held. *See* U.S. Const. amend. I ("*Congress* shall make no law . . . abridging the freedom of speech . . . ." (emphasis added)); *Harris v. Quinn*, 134 S. Ct. 2618, 2628 n.4 (2014) ("[T]he First Amendment does not restrict private conduct . . . ."); *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295–96 (2001) (explaining that for purposes of a § 1983 claim asserting constitutional violations, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself,'" and providing examples

---

"construe notices of appeal liberally, particularly those of *pro se* litigants, an intent to appeal the judgment in question *must be apparent* and there must be no prejudice to the adverse party." *Trs. of Electricians' Salary Deferral Plan v. Wright*, 688 F.3d 922, 925 n.2 (8th Cir. 2012) (emphasis added) (quoting *Berdella v. Delo*, 972 F.2d 204, 207 (8th Cir. 1992)). Stanko's notice of appeal states he "appeal[s] the Judgment without prejudice dated April 3, 2017." Notice of Appeal at 1, *Stanko v. Bosselman Enters.*, No. 7:17-cv-05000-RFR-FG3 (D. Neb. Apr. 14, 2017), ECF No. 17. As Stanko's notice of appeal does not mention the district court's post-judgment denial of his motion to amend, his intent to appeal that decision is not apparent from the notice. We therefore lack jurisdiction to review the denial of the motion to amend. *See Wright*, 688 F.3d at 925 n.2 (noting the Rule 3 requirements are jurisdictional); *see also Capital Parks, Inc. v. Se. Advert. & Sales Sys., Inc.*, 30 F.3d 627, 630 (5th Cir. 1994) (holding post-judgment denial of motion to amend was not properly before the court, where notice of appeal mentioned final judgment but not subsequent order denying a motion to amend).

where a challenged activity was held to be state action (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974))); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982))).

Stanko's other claims likewise fail for a lack of required elements. He did not allege a contractual relationship as is necessary for his § 1981 claim. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 468–69 (8th Cir. 2009) (en banc) (explaining that "[a]ny claim brought under § 1981 . . . must initially identify an impaired 'contractual relationship'" (citations omitted)). Nor did Stanko allege the defendants conspired as a § 1985(3) claim requires. *See Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996) (en banc) (noting that a § 1985(3) claim requires, among other things, a conspiracy demonstrated by specific facts).

III. *Conclusion*

We affirm.

_____