# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3109

_____

W. Todd Newcomb

*Plaintiff - Appellant*

v.

Wyndham Vacation Ownership, Inc., et al.

*Defendants - Appellees*

_____

No. 19-3111

_____

M. Scott Montgomery

*Plaintiff - Appellant*

v.

Wyndham Vacation Ownership, Inc., et al.

*Defendants - Appellees*

_____

Appeals from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: December 15, 2020
Filed: June 8, 2021
_____

Before SMITH, Chief Judge, LOKEN and MELLOY, Circuit Judges.
_____

LOKEN, Circuit Judge.

Wyndham Vacation Ownership, Inc. ("WVO") owns vacation rental properties, primarily in Florida, and enters into timeshare agreements with customers. Missouri attorneys M. Scott Montgomery and W. Todd Newcomb and their law firm, Montgomery & Newcomb, LLC, specialize in timeshare exits for Missouri customers. They sued WVO in Missouri state court, alleging time-share fraud. WVO, through its counsel, Shutts & Bowen, LLP ("S&B"), then sued Newcomb and Montgomery in the United States District Court for the Middle District of Florida (the "Florida Action"), alleging tortious conduct related to their timeshare exit business. WVO hired a Missouri process server, Wheeler Services, LLC, to effect service in Missouri.

In response, Montgomery and Newcomb filed these separate but identical actions against WVO, S&B, and Wheeler Services in Missouri state court, alleging the Florida Action was an abuse of process, part of a scheme to intimidate timeshare exit attorneys. Defendants removed the actions to the United States District Court for the Western District of Missouri. Plaintiffs moved to remand, arguing a lack of complete diversity because Wheeler Services and plaintiffs are Missouri residents. Defendants moved to dismiss under Rule 12(b)(6) or, alternatively, to transfer venue of both actions to the Middle District of Florida. Plaintiffs opposed the motion, arguing their motion to dismiss the Florida Action for lack of personal jurisdiction was pending and would soon be granted, and granting defendants' motion to dismiss would force them to litigate their tort claims in that jurisdiction.

On June 18, 2019, the district court[1] dismissed Wheeler as fraudulently joined, creating diversity jurisdiction and mooting plaintiffs' motion to remand. The court rejected plaintiffs' contention that remand must be determined before the merits. On September 3, the court dismissed both complaints with prejudice, concluding that Florida law applies under Missouri choice-of-law principles, and that the "litigation privilege" recognized under Florida law made defendants immune from plaintiffs' abuse-of-process claims. Before the court ruled, the Florida court had denied plaintiffs' motion to dismiss for lack of personal jurisdiction. If plaintiffs are allowed to assert their abuse of process claims as counterclaims in the Florida Action, the practical effect of the district court's dismissal will be the same as if the court had granted defendants' alternative motion to transfer venue.

The district court entered final judgment in both actions on September 5, 2019. On September 27, Montgomery and Newcomb filed separate, identical notices of appeal. Their principal Brief states that the issues presented are whether the court erred in granting Wheeler's motion to dismiss before determining subject matter jurisdiction, whether Wheeler as a process server can be liable for abuse of process, whether Florida law governs their abuse of process claims, and whether the litigation privilege applies if Florida law governs. We *sua sponte* requested supplemental briefing on whether we must dismiss the appeal for lack of jurisdiction because the notices of appeal failed to comply with Rule 3(c)(1) of the Federal Rules of Appellate Procedure. Applying controlling Supreme Court and Eighth Circuit Rule 3(c)(1) precedent, we dismiss the appeals.

Circuit courts have "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. In civil cases, "no appeal shall bring any judgment, order or decree . . . before a court of appeals for review

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree. 28 U.S.C. § 2107(a). Thus, the notice of appeal is, by statute, a jurisdictional prerequisite. Bowles v. Russell, 551 U.S. 205, 209-11 (2007). Rule 3(c)(1) provides:

> **(c) Contents of the Notice of Appeal.**
> **(1)** The notice of appeal must:
> **(A)** specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . .;
> **(B)** designate the judgment, order, or part thereof being appealed; and
> **(C)** name the court to which the appeal is taken.

In Torres v. Oakland Scavenger Co., the Supreme Court held that, while compliance with Rule 3 may be liberally construed, compliance with Rule 3(c) is a "jurisdictional prerequisite" because timely filing of a notice of appeal is mandatory and jurisdictional. 487 U.S. 312, 315-18 (1988). The Court has consistently adhered to that principle. See, e.g., Becker v. Montgomery, 532 U.S. 757, 765 (2001) (Rules 3 and 4 are "linked jurisdictional provisions"). More recently, in Gonzalez v. Thaler, 565 U.S. 134, 147 (2012), the Court noted that "[t]he content requirements for notices of appeal are jurisdictional," citing Torres. Justice Scalia observed in agreeing with this point, while dissenting from the result in Gonzalez, that Torres reflects "the commonsense notion that when a document is made jurisdictional, and the required contents of that document specified, a document that does not contain those contents cannot confer jurisdiction." Id. at 165-66 (Scalia, J., dissenting).

We have repeatedly held that satisfaction of Rule 3's jurisdictional dictates is a prerequisite to appellate review. See, e.g., Trs. of Electricians' Salary Deferral Plan v. Wright, 688 F.3d 922, 925 n.2 (8th Cir. 2012) (no jurisdiction to review undesignated order denying counsel); Martin v. Am. Fam. Mut. Ins. Co., 157 F.3d 580, 581 (8th Cir. 1998) (no jurisdiction to review undesignated order granting partial summary judgment); Klaudt v. U.S. Dep't of Interior, 990 F.2d 409, 411 (8th Cir.

1993) (no jurisdiction to review undesignated order granting motion to dismiss). However, "mere technicalities should not stand in the way of consideration of a case on its merits." Torres, 487 U.S. at 316 (quotation omitted). Therefore, we have followed "a policy of liberal construction of notices of an appeal in situations where intent is apparent and there is no prejudice to the adverse party." Spectra Commc'ns Grp., LLC v. City of Cameron, Mo., 806 F.3d 1113, 1118 (8th Cir. 2015); see Parkhill v. Minn. Mut. Life Ins. Co., 286 F.3d 1051, 1058-59 (8th Cir. 2002).

In these cases, the plaintiffs timely filed identical notices of appeal on September 27, 2019. We reproduce one in its entirety:

United States District Court for the Southern
District of Missouri

_____

| W. Todd Newcomb, | | |
|---|---|---|
| Plaintiff | | |
| | | |
| v. | | Notice of Appeal |
| | | |
| Wyndham Vacation Ownership, Inc., Shutts & Bowen LLP, and Wheeler Services, LLC, Defendants | | |

_____

Notice is hereby given that W. Todd Newcomb, plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Southern District of Missouri from an order dismissing the case entered in this action on the 27th day of September, 2019.

[Signature]

These notices of appeal are entirely deficient.[2] They appeal an order entered on a day when no order issued, from a district court that does not exist, to a court of appeals that does not exist. The complete failure by parties who are attorneys engaged in multi-state litigation to comply with multiple essential elements of Rule 3(c)(1) is not "imperfect but substantial compliance with a technical requirement" that we may excuse; it is an absolute bar to appeal. Torres, 487 U.S. at 315-16; see Martin, 157 F.3d at 581. Moreover, to allow the appeals to go forward would extend the later-filed of overlapping lawsuits filed in two federal courts, to defendants' prejudice, whereas plaintiffs will not be denied consideration of their claims on the merits if permitted to assert those claims in the Florida Action. Thus, unlike the circumstances in Hawkins v. City of Farmington, 189 F3d 695, 705 (8th Cir. 1999), in this case there was prejudice to the adverse party, and to the interests of judicial economy and efficiency.

For these reasons, we dismiss the consolidated appeals for lack of jurisdiction.

_____

_____

[2]Because Appellants' Briefs were filed beyond the time limits prescribed by Rule 4, we do not consider what they might otherwise add to this inquiry.