# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2166
_____

Harry DaPron

*Plaintiff - Appellant*

v.

Spire Missouri, Inc., formerly known as Laclede Gas Company; Laclede Gas
Company Employees' Retirement Plan

*Defendant*s

Spire Inc. Retirement Plans Committee

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 15, 2020
Filed: July 1, 2020
_____

Before KELLY, MELLOY, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Harry DaPron alleged that the Retirement Plan Committee for Spire, Inc., (Committee) wrongfully denied his disability claim under its Employees' Retirement Plan and breached its fiduciary duty by failing to conduct a full and fair review of his medical records when reconsidering his claim. The district court[1] decided that the Committee followed and reasonably interpreted the Plan's terms when it found that DaPron's claim was untimely. It also held the Committee did not breach its fiduciary duty to review all of DaPron's medical records because they were not relevant to the timeliness inquiry. We affirm.

I.

DaPron worked for Laclede Gas[2] for nearly 20 years and voluntarily resigned on March 2, 2010. During his employment, he had severe mental health conditions that caused him to be hospitalized, including shortly before his resignation in February 2010 and shortly after in March 2010. He continued to suffer from severe mental health conditions in the following years. He applied for Social Security Disability benefits on March 4, 2012 and eventually received them. In February 2013, he began sustained treatment that ultimately caused him to improve enough to apply for disability retirement benefits from Spire on May 16, 2016.

The Committee denied the claim because the Plan required a covered employee to apply for a disability pension before his employment terminated and because an employee would not be considered eligible for benefits without a timely application. The Committee had not made any exceptions to this requirement or administered the

---

[1] The Honorable John M. Bodenhausen, United States Magistrate judge for the Eastern District of Missouri, to whom this case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2] Spire Missouri Inc. was known as Laclede Gas Company at the time of DaPron's 2010 resignation. Comm. Br. 1 n.2. We will refer to the retirement plan at issue as Spire's plan.

Plan differently in the past. Although the Committee did not try to determine whether DaPron was disabled at the time of separation, it looked at the Plan documents and found that DaPron's claim was untimely because he applied more than six years after separation. In its letter denying the claim, the Committee explained that "the application for Disability Retirement must be made before/in connection with the employee terminating employment" and DaPron "did not apply for Disability Retirement benefits in connection with [his] termination." Add. 9.

DaPron appealed the decision in an eight-page letter outlining the medical evidence of his disability and provided over 1,000 pages of his medical records. Although the Committee considered DaPron's appeal letter and other correspondence, no one reviewed the medical records. It denied DaPron's appeal and again explained that the Plan requires a disability application "be filed with the Plan Administrator at or around the time the Participant terminates employment." Add. 11. It also noted that this requirement helped the Committee determine if at the time of termination an applicant was disabled and whether there was other work available for the employee in the company.

DaPron and the Committee filed cross-motions for summary judgment. The district court granted judgment to the Committee, and DaPron timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

## II.

We review the district court's grant or denial of summary judgment *de novo* "using the same standard as the district court, and we view the evidence in the light most favorable to the nonmoving party." *Boyd v. ConAgra Foods, Inc.*, 879 F.3d 314, 319 (8th Cir. 2018). "Where an ERISA plan grants its administrator discretion to decide questions of eligibility for benefits or construe plan terms—as the Plan does here—judicial review of the administrator's determinations generally is limited to the abuse of discretion standard." *Id.* (citation omitted).

-3-

DaPron only raises two issues. First, he claims that the Committee's failure to review his medical records during his appeal is a procedural irregularity that constitutes a breach of its fiduciary duty to him. He argues that a "less deferential standard of review than abuse of discretion may apply" when this happens. DaPron Br. 16 (citing *Leirer v. P&G Disability Ben. Plan*, 910 F.3d 392, 396–97 (8th Cir. 2018)). We need not decide whether a less deferential standard applies to a procedural irregularity because any irregularity "must have some connection to the substantive decision reached." *Menz v. Procter & Gamble Health Care Plan*, 520 F.3d 865, 869 (8th Cir. 2008) (citation omitted).

DaPron never explains how a failure to review medical records showing that he was disabled in 2010 relates to the Plan's requirement that he file such a claim in 2010. It is undisputed he did not file at that time, and the Committee was unaware of any exception having been previously granted. If anything, DaPron requested that the Committee deviate from the Plan by allowing his 2016 claim to go forward. The district court properly found that the Committee did not breach its fiduciary duty by failing to review the medical records.

Second, DaPron argues that the case must be remanded because the Committee offered different rationales for denying his claim in litigation and in its denial letters. We disagree. The Committee's denial letters consistently state that the application was denied as untimely because it was not made before or in connection with DaPron's separation. The Committee's summary judgment motion claimed that it was entitled to judgment as a matter of law by showing its interpretation of the Plan was reasonable and internally consistent with other Plan provisions. That is not a different position on why the claim was denied. And it is not like *King v. Hartford*

-4-

*Life & Acc. Ins. Co.*, 414 F.3d 994 (8th Cir. 2005) (en banc), where the Plan Administrator justified its decision in court based on the correct legal standard that was not used earlier during the administrative process.

The district court is affirmed.

_____